**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard C. JEWELL,**
**Defendant-Appellant.**

**No. 86–1360.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 10, 1987.

Decided Sept. 8, 1987.

---

**3.** *See* n. 1 *supra.*

Annabelle Whiting Hall, Reno, Nev., for defendant-appellant.

William A. Maddox, Reno, Nev., and John J. Klein, Washington, D.C., for plaintiff-appellee.

Before WRIGHT, FARRIS, and THOMPSON, Circuit Judges.

FARRIS, Circuit Judge:

Jewell, an employee of the United States Bureau of Land Management, was convicted of thirteen counts of having a personal interest in a government contract, in violation of 18 U.S.C. § 208(a), and one count of conspiracy, in violation of 18 U.S.C. § 371.

On appeal, Jewell argues first that the prosecution multiplied a single violation of 18 U.S.C. § 208(a) into thirteen separate counts. Section 208(a) makes criminally liable

> whoever ... participates personally and substantially as a Government officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, in a judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter in which, to his knowledge, he, his spouse, minor child, partner, organization in which he is serving as officer, director, trustee, partner or employee, or any person or organization with whom he is negotiating or has any arrangement concerning prospective employment, has a financial interest....

It is undisputed that Jewell participated substantially as an officer of the United States in a contract in which he had a personal financial interest. The indictment charged a separate violation of section 208(a) for every occasion on which Jewell signed, in his capacity as a government official, an invoice authorizing payment by the contractor to his company as subcontractor. All of the authorizations were written under a single contract. Jewell

argues that because there was only one contract, he was guilty of only one conflict of interest. We agree.

Whether 18 U.S.C. § 208(a) allows multiple counts in this case is a question of statutory interpretation, which we review *de novo*. *Trustees of Amalgamated Ins. Fund v. Geltman Industries*, 784 F.2d 926, 929 (9th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986).

The district court considered the question of multiplicity in the indictment and declined to force the prosecution to elect from among the allegedly multiplicitous counts. The court found that each time Jewell signed an invoice, "he allegedly participated personally and substantially as a Government employee through approval of a claim in which he had a substantial financial interest." The court relied primarily upon the following language from *United States v. Irons*, 640 F.2d 872 (7th Cir.1980):

> the legislative history of Section 208 demonstrates an intention to proscribe rather broadly employee participation in business transactions involving conflicts of interest and to reach activities at various stages of these transactions.... the scope of 18 U.S.C. 208 includes acts which lead up to the formation of contract, as well as those which might be performed in the execution of the contract.

640 F.2d at 876–77. The district court took this statement as an indication that section 208(a) was intended to punish separately each step in transactions involving conflicts of interest. When taken in context, however, the import of the Seventh Circuit's statement is clear: liability for conflict of interest may be founded on a variety of acts leading up to the formation of a contract even if those acts are not specifically mentioned in the text of section 208(a). The section's "catch all" language ("participates ... through decision, approval, recommendation, the rendering of advice, investigation, *or otherwise*....") was designed to allow prosecution on the basis of any type of action taken to execute or carry to completion a contract. 640 F.2d at

878. In *Irons,* although the opinion noted that several actions separately constituting "participation" were taken pursuant to contracts as to which there was a conflict of interest, the indictment was in two counts—one for each contract in which the defendant was involved. *Id.* at 874–75. The government did not attempt to charge separately each of the acts taken under each contract. The court ruled that many types of actions could constitute participation, not that each of those actions was a separate violation of the statute.

The indictment here alleged that each time Jewell signed an invoice for payment to his company, he participated in "a contract, claim and matter in which ... he had a financial interest." The routine approval of each invoice under the contract was not participation in a discrete "claim" or "particular matter" within the meaning of the statute. Jewell's signing of invoices was part of an ongoing process of monitoring the government contract with Hodder in which Jewell had a financial interest. If every minor action that Jewell took in relation to the contract could be considered a separate "matter" under section 208(a), his participation in the contract could be multiplied into endless criminal counts. Congress referred in section 208(a) to participation in a contract, claim, *or* other particular matter. Use of the disjunctive indicates that Congress did not intend to cover participation in a minor claim or other matter coming *under* a contract. By "claims" Congress meant something more substantial—something on the order of a separate government proceeding. *See* Perkins, *The New Federal Conflict-of-Interest Law* 76 Harv.L.Rev. 1113, (1963) (commenting on the earlier, essentially similar version of the statute). A matter may form a separate basis for liability under section 208 only if it is a discrete transaction. It cannot be part of a larger transaction, and cannot be continuous or overlapping with another matter. Jewell's participation in those claims was simply part of his participation in the contract, a single violation under the terms of section 208(a).

This distinction was recognized in *Irons.* There, as here, the defendant's various actions regarding a contract were part of his participation in that contract, not separate "participations" bringing separate liability. Other courts have consistently treated a series of actions taken by a defendant in connection with a particular matter as a single instance of participation in the matter. *See United States v. Gorman,* 807 F.2d 1299 (6th Cir.1986), *petition for cert. filed,* April 2, 1987 (Assistant U.S. Attorney charged with one count of participating extensively in the case in which he had financial interest); *United States v. Conlon,* 481 F.Supp. 654 (D.D.C.1979), *modified,* 628 F.2d 150 (D.C.Cir.1980) (several actions on one proposal prosecuted as one count of participation in matter in which defendant had financial interest). We have found no other published opinions involving convictions under 18 U.S.C. § 208(a) and none have been brought to our attention.

■ Jewell argues also that his conspiracy conviction was unsupported by the evidence. We review the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *United States v. Marabelles,* 724 F.2d 1374, 1377 (9th Cir.1985). Jewell contends that there was no evidence that his alleged co-conspirator, Hodder, had agreed with him to defraud the United States. Hodder made a series of payments to Jewell's business for work on the government contract that Jewell was overseeing. The conspiracy charge depends on evidence that Hodder knew that the business was Jewell's. We find that any rational trier of fact could conclude beyond a reasonable doubt that Hodder was aware that he was actually paying Jewell. There was evidence from which the trial court could conclude that Hodder made some payments on the subcontract directly to Jewell.

Jewell's conviction of conspiracy is affirmed. His convictions on the multiplicitous counts in the indictment—Count III through Count XIV—are reversed. Jewell could be convicted of only one count of

violating 18 U.S.C. § 208(a) on these facts. On remand the court may adjust Jewell's sentence accordingly.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.