[No. 25287-9-I.    Division One.    December 2, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD
EDWARD KNUTSON, *Appellant*.

*Gilbert H. Levy,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

COLEMAN, J. — Donald Edward Knutson appeals from the eight concurrent sentences imposed, claiming that his offender score under the Sentencing Reform Act of 1981 (SRA) was erroneously calculated because the sentencing judge determined that Knutson's eight convictions were neither multiplicitous nor "the same criminal conduct" within the meaning of RCW 9.94A.400(1). We affirm.

On June 1, 1989, the Seattle police executed a search warrant at Donald Knutson's home after an informant told the police that Knutson had been photographing male youths in sexually explicit poses. Consistent with the informant's report, the police found a photo studio and a developing laboratory in the basement of Knutson's home. The studio included numerous cameras and lights, a curtain that could be used as a backdrop, an enlarger, and chemicals for processing and enlarging photos.

In addition, the police found a concealed compartment in Knutson's bedroom closet which contained a 27-page, zippered photo album. The album contained negatives and

proof sheets depicting two juvenile males (S and K)[1] pho-
tographed separately in sexually explicit positions. The
police also discovered numerous enlargements of photo-
graphs of K that appeared on the proof sheets. Knutson was
subsequently arrested and charged with two counts of
violating RCW 9.68A.040[2] and two counts of violating RCW
9.68A.050(2)[3] with regard to each youth, for a total of eight
counts. Knutson entered a plea of guilty for each of the
eight counts and made the following written statements:

(1) I took sexually explicit photos of [S], a minor, between
May 19, 1987 and June 1, 1989. I took more than one photo of
him. These acts occurred in King County, Washington.

(2) I possessed sexually explicit photos — at least two — of
[S], a minor, between May 19, 1987 and June 1, 1989, with
intent to duplicate them, in King County, Washington.

(3) I possessed at least two sexually explicit photos of [K], a
minor, between September 11, 1986, and June 1, 1989, with
intent to duplicate them, in King County, Washington.

(4) I took sexually explicit photos — at least two — of [K], a
minor, between September 11, 1986, and June 1, 1989, in
King County, Washington.

At the sentencing hearing, Knutson stipulated to the
following statements made in the prosecutor's sentencing
memorandum:

---

[1]The parties stipulated that S was born in December 1972 and that K was
born in July 1972.

[2]RCW 9.68A.040 reads in pertinent part:

"(1) A person is guilty of sexual exploitation of a minor if the person:

"(a) Compels a minor by threat or force to engage in sexually explicit con-
duct, knowing that such conduct will be photographed or part of a live per-
formance; [or]

"(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexu-
ally explicit conduct, knowing that such conduct will be photographed or part of
a live performance[.]"

[3]RCW 9.68A.050 reads in pertinent part:

"A person who:

". . . .

"(2) Possesses with intent to develop, duplicate, publish, print, disseminate,
exchange, or sell any visual or printed matter that depicts a minor engaged in
an act of sexually explicit conduct is guilty of a class C felony[.]"

A ruling by the trial judge clarified that Knutson was convicted of four
counts of subsection (2) of the statute, not subsection (1).

(A) That the defendant took sexually explicit photographs of [S] on at least two separate occasions in his home and that the defendant used film manufactured on different dates (5/19/87 versus 2/8/88) to take those pictures. [S] was under 16 years old at the time. On each occasion, between 15 and 25 photographs were taken.

(B) That the defendant took sexually explicit photographs of [K] on at least two separate occasions in his home and that the defendant used film manufactured on different dates (9/11/86 versus 2/8/88) to take these pictures. [K] was also under 16 years of age. On each occasion, between 15 and 25 photos were taken.

(C) That the defendant developed all of these photos onto separate proof sheets and retained them in a zippered notebook. There were 25 to 30 proofs on each of three sheets.

(D) That the defendant did not stop there, but then proceeded to duplicate the photos and blow them up. The state will introduce 22 reproductions, 15 of which are very sexually explicit.

(E) The defendant had a [sophisticated] photo studio and darkroom which he used to produce and print/duplicate the child pornography. [Knutson did not stipulate to the word "sophisticated."]

In addition, during the sentencing hearing Knutson's attorney stated: "We did agree, as part of the stipulation, that Mr. Knutson made blow ups of the photographs that were originally contained in the photo album, so in that sense we did agree that he reproduced them more than once."

Despite Knutson's assertions to the contrary, the trial court found that the counts were neither multiplicitous nor "the same conduct" under RCW 9.94A.400(1). The court convicted Knutson of all eight counts and determined his offender score to be 7. Knutson appeals.

We initially consider whether the trial court erred by concluding that the eight convictions were not multiplicitous and that Knutson's offender score consequently was 7. Knutson argues that, as to each victim, the two convictions under RCW 9.68A.040 should have been counted as only one conviction. He makes the same argument with regard to the two convictions per victim under RCW 9.68A.050. As a result, Knutson concludes that there would be only two convictions for each victim for a total of four convictions, which would lead to an offender score of 3.

■ ■ In matters involving the Washington Sentencing Reform Act of 1981, a reviewing court will affirm a trial court's decision unless the court clearly abused its discretion or misapplied the law. *State v. Burns*, 114 Wn.2d 314, 317, 788 P.2d 531 (1990); *State v. Collicott*, 112 Wn.2d 399, 404-05, 771 P.2d 1137 (1989). In addition, a prosecutor has broad discretion in charging a suspect with a violation of the law and in choosing what charges to make. *See State v. Pettitt*, 93 Wn.2d 288, 294-95, 609 P.2d 1364 (1980); *State v. Petrich*, 101 Wn.2d 566, 572, 683 P.2d 173 (1984) ("Whether [multiple instances of criminal conduct with the same child victim] are to be charged separately or brought as one charge is a decision within prosecutorial discretion.").

■ ■ The federal rule prohibiting multiplicity mandates that a charging document cannot charge a single offense in more than one count. *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976). Whether a statute specifically permits multiple counts to be charged is a matter of statutory interpretation. *United States v. Jewell*, 827 F.2d 586, 587 (9th Cir. 1987). If the language of a penal statute is ambiguous, the courts apply the rule of lenity and resolve the issue in a defendant's favor. *See State v. Arndt*, 87 Wn.2d 374, 385, 553 P.2d 1328 (1976); *State v. Mason*, 31 Wn. App. 680, 686-87, 644 P.2d 710 (1982).

In the present case, Knutson stipulated that he took sexually explicit photographs of each youth "on at least two separate occasions" and that the film he used with each youth had been manufactured on two separate dates (more than 5 months apart with regard to K and more than 9 months apart with regard to S). The reasonable inference to be drawn from these facts is that on at least two separate occasions Knutson aided or otherwise caused the two youths to engage in sexually explicit conduct knowing that that conduct would be photographed, in violation of RCW 9.68A.040. This inference is supported by Knutson's stipulations, as well as the definition in RCW 9.68A.011(1): "To 'photograph' means to make *a* print, negative, slide, motion picture, or videotape. . . ." (Italics ours.) Thus, the court did

not err in concluding that the four convictions under RCW 9.68A.040 were not multiplicitous because each of the four counts charged a separate and distinct act of sexual exploitation of a minor.

Likewise, with regard to RCW 9.68A.050(2), the statute specifies that a person possessing with intent to develop or duplicate "*any* visual or printed matter that depicts a minor engaged in an act of sexually explicit conduct is guilty of a class C felony[.]" (Italics ours.) "[V]isual or printed matter" is statutorily defined in the singular form as "*any photograph* or other material that contains *a reproduction* of *a photograph*." (Italics ours.) RCW 9.68A.011(2). Knutson stipulated that he had in fact possessed at least two sexually explicit photos of each youth with the intent to duplicate those photos and that the State had 22 reproductions of the photos to be used as evidence at trial. Consequently, the trial court was justified in ruling that the four counts under RCW 9.68A.050 were not multiplicitous.[4]

A second issue raised by Knutson is whether the trial court erred by concluding that none of Knutson's acts constituted the same criminal conduct. Knutson argues that the acts of sexual exploitation furthered the commission of the acts of possession and, consequently, each "pair" of exploitation and possession counts should have been treated as the same criminal conduct pursuant to RCW 9.94A-.400(1). A total of four convictions would result from that reasoning, leading to an offender score of 3. In addition, Knutson contends that as to each victim, the two convictions under the possession statute constituted the same criminal conduct and, consequently, the two possession convictions as to each youth should have been merged and treated as a single crime.

■ The definition of "same criminal conduct" is contained in RCW 9.94A.400(1):

(1)(a) Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses,

___

[4]Because neither RCW 9.68A.040 nor 9.68A.050 is ambiguous, the rule of lenity does not apply. *See Arndt*, at 385; *Mason*, at 686-87.

the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided*, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are *committed at the same time* and place, and involve the same victim. . . .

(Italics ours.) RCW 9.94A.400(1). In addition, the test for determining what constitutes the same criminal conduct is an objective test and

takes into consideration how intimately related the crimes committed are, and whether, between the crimes charged, there was any substantial change in the nature of the criminal objective. Also relevant is whether one crime furthered the other.

(Citation omitted.) *Burns*, at 318.

█ As noted above, the trial court's exercise of discretion in matters involving the sentencing reform act will not be disturbed on appeal absent an abuse of discretion or misapplication of the law. *Burns*, at 317. The same is true for the trial court's determination of whether two or more charges amount to the same criminal conduct for purposes of determining a defendant's offender score. *Burns*, at 317.

Knutson stipulated that he "took sexually explicit photographs of [S] on at least two separate occasions" and that he "used film manufactured on different dates . . . to take those pictures." He made the same stipulation as to K and also stipulated that he reproduced the sexually explicit photos of each boy more than once, in violation of RCW 9.68A.050. These stipulations preclude Knutson's "same criminal conduct" argument because, according to RCW 9.94A.400(1), the acts must have occurred at the same time to qualify as the same conduct.

Further, the objective criminal intent involved with the two statutes is distinctly different. With regard to RCW 9.68A.040, the objective intent is to aid or cause the minor to engage in sexually explicit conduct with knowledge that

that conduct will be photographed. In contrast, the objective intent inherent in RCW 9.68A.050(2) is to possess with the intent "to develop, duplicate, publish, print, disseminate, exchange, or sell any visual or printed matter that depicts a minor engaged in an act of sexually explicit conduct[.]" One need not aid or otherwise cause a minor to engage in sexually explicit conduct, knowing such conduct will be photographed, in order to possess such visual or printed matter with the intent to develop or duplicate it. Likewise, one can aid or cause a minor to engage in the prohibited behaviors without possessing visual or printed matter with the intent to develop or duplicate it. For the same reasons, Knutson's violation of each statute did not serve to further the violation of the other. Thus, the trial court did not abuse its discretion by concluding that the eight convictions were not the same criminal conduct, and Knutson's offender score was properly calculated.

The judgment of the trial court is affirmed.

GROSSE, C.J., and FORREST, J., concur.

Reconsideration denied January 28, 1992.