[No. 68098-1. En Banc.]
Argued May 18, 2000. Decided September 28, 2000.

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH STUART ROOT, *Petitioner*.

*Mark D. Mestel,* for petitioner.

*Christopher O. Shea, Prosecuting Attorney,* and *Lauren M. Erickson, Deputy,* for respondent.

---

---

GUY, C.J. — This court granted review of the limited issue of "unit of prosecution" for sexual exploitation of a minor. Joseph Stuart Root was convicted of 73 counts of sexual exploitation of a minor based on sexually explicit photographs he took of three young children. The question is whether the "unit of prosecution" for sexual exploitation of a minor is per photograph, per pose, or per photo session. We hold that the "unit of prosecution" for sexual exploitation of a minor is per photo session per minor involved in each session.

Root was convicted of 6 counts of rape of a child in the first degree and 73 counts of sexual exploitation of a minor, involving C (age 3), M (age 10), and H (age 3). Clerk's Papers at 19-22. In 1995, Root was living with M and H's mother and baby-sat those two children along with C numerous times. After the two mothers began suspecting Root of sexually molesting their children, they contacted the police. Clerk's Papers at 389-94. During the search of M and H's mother's house and attached garage the police found hundreds of photographs, rolls of film, and videotapes depicting the three children in sexually explicit poses. Ex. 23.

Root was originally charged with 74 counts of sexual exploitation. Clerk's Papers at 190-218. The sexual exploitation charges were based on photographs and a video taken by Root. In most of the photographs, the children are naked with their genitals prominently displayed. Several series of photographs involve one male child wearing

dresses which are held up to reveal the child is not wearing underwear. In some of the photographs the children's buttocks are exposed and objects—including a medicine dropper, Root's finger, or a plastic hot dog—are protruding from their rectums. Another series of photographs shows one child in a barrel, smeared with feces, and with feces in his mouth. In another series one child is trying to get Icy Hot off his genitals. Def.-Appellant's Opening Br. at 50-51; Resp't's Supplemental Br. at 2.

Root was convicted and sentenced to a total term of 460 months. Clerk's Papers at 31. His offender score was 88 for each rape and 78 for each exploitation count, with standard ranges of 210-270 months and 120 months respectively.[1] Clerk's Papers at 24-31. The court set the term for one of the rapes to run consecutively to all the other sentences, so Root's total term is 460 months.[2] Clerk's Papers at 31.

Root appealed the 6 counts of rape and 73 counts of sexual exploitation of a minor arguing he was improperly charged on multiple separate counts. The Court of Appeals affirmed the convictions. *See State v. Root*, 95 Wn. App. 333, 975 P.2d 1052 (1999). In his Petition for Review to this court, Root argued review be accepted on various grounds. We granted review limited to the issue of what constitutes the "unit of prosecution" for sexual exploitation of a minor.

### ISSUE

Whether, in a case charging multiple counts of sexual exploitation of a minor based on posing children for many photographs, the proper "unit of prosecution" is each photograph, each pose, or each photo session.

---

[1] The range for the exploitation counts is limited by the maximum penalty for the offense, which is 120 months.

[2] If this court vacates even 72 of the 73 exploitation counts, Root's sentence would not change because the standard sentence for the rapes will remain and this sentence is longer than concurrent terms on the exploitation counts.

## DISCUSSION

The Court of Appeals held that the State did not abuse its discretion in charging one count of sexual exploitation for each photograph or videotape taken in violation of RCW 9.68A.040. *Root*, 95 Wn. App. 333. The court in *Root* determined that the "unit of prosecution" intended for sexual exploitation of a minor was a "photograph"—a print, negative, slide, motion picture, or videotape. *Id.* at 336; RCW 9.68A.011(1). The court reasoned that Division One, in *State v. Knutson*, 64 Wn. App. 76, 823 P.2d 513 (1991), determined the proper "unit of prosecution" was a photograph and charging for each photograph was not "multiplicitous" because each photograph was a separate act of sexual exploitation of a minor.[3] Therefore, Root could be charged a separate count of sexual exploitation of a minor for each photograph.

The dissent reasoned that the "unit of prosecution" was ambiguous, and as such, the ambiguity should be construed in favor of the defendant under the rule of lenity. *Root*, 95

---

[3] The Court of Appeals based this conclusion on the following from *State v. Knutson*:

> The reasonable inference to be drawn from these facts is that on at least two separate occasions Knutson aided or otherwise caused the two youths to engage in sexually explicit conduct knowing that that conduct would be photographed, in violation of RCW 9.68A.040. This inference is supported by Knutson's stipulations, as well as the definition in RCW 9.68A.011(1): "To 'photograph' means to make *a* print, negative, slide, motion picture, or videotape . . . ." (Italics ours.) Thus, the court did not err in concluding that the four convictions under RCW 9.68A.040 were not multiplicitous because each of the four counts charged a separate and distinct act of sexual exploitation of a minor.

64 Wn. App. at 80-81. The court in *Knutson* does not appear to conclude that the proper "unit of prosecution" is a photograph, but rather the occasion in which a minor is caused to engage in sexually explicit conduct knowing the conduct will be photographed. The defendant in that case possessed at least two sexually explicit photographs of each minor. The defendant was charged with violating RCW 9.68A.040 based on taking sexually explicit photographs on two separate occasions. Additionally, he was charged with violating the statute twice for each minor. The charge was not multiplicitous because the statute defined photograph as " *a* print, negative, slide, motion picture, or videotape." RCW 9.68A.011(1). However, despite what the trial court in *Root* argues, the actual "unit of prosecution" was not per photograph. The conclusion reached by the court in *Root* is not consistent with the decision in *Knutson* because the court in *Knutson* charged the defendant per occasion, as the "unit of prosecution," not per photograph.

Wn. App. at 338 (citing *State v. Adel*, 136 Wn.2d 629, 634-35, 965 P.2d 1072 (1998)). The dissent stated that in general the statute consists of two elements: "(1) posing a minor in sexually explicit conduct, and (2) knowing that the conduct will be photographed. Arguably, actually photographing the minor is not an element of the crime. Rather, the crime is complete if the defendant poses, or causes the minor to be posed, with knowledge that the pose will be photographed." *Id.*

The dissent supported the conclusion that the punishable offense is that of posing, not photographing, by citing to this court's decision in *State v. Chester*, 133 Wn.2d 15, 940 P.2d 1374 (1997). In *Chester*, we held that the defendant had not violated RCW 9.68A.040 because he had not aided, invited, employed, authorized, or caused his stepdaughter to engage in sexually explicit conduct; he merely photographed a minor in what may have been sexually explicit conduct. *Id.* at 23. The dissent also argued that *Knutson* did not hold that each photograph was a separate crime. The dissent determined that under the rule of lenity Root should be charged per pose that he caused with the knowledge it would be photographed. *Root*, 95 Wn. App. at 339.

The question to be answered here is what act or course of conduct has the Legislature defined as the punishable act for sexual exploitation of a minor. *See Adel*, 136 Wn.2d at 634 (addressing the "unit of prosecution" for simple possession of a controlled substance). The first step in a "unit of prosecution" inquiry is to analyze the applicable criminal statute. *Adel*, 136 Wn.2d at 635. Based on the language of RCW 9.68A.040, stating the elements of sexual exploitation of a minor, the "unit of prosecution" does not appear to be solely per photograph. RCW 9.68A.040 states:

(1) A person is guilty of sexual exploitation of a minor if the person:

(a) Compels a minor by threat or force to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance;

(b) Aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, knowing that such conduct will be photographed or part of a live performance; or

(c) Being a parent, legal guardian, or person having custody or control of a minor, permits the minor to engage in sexually explicit conduct, knowing that the conduct will be photographed or part of a live performance.

The statute basically consists of two elements: (1) posing a minor in sexually explicit conduct, and (2) knowing that the conduct will be photographed. *See Root*, 95 Wn. App. at 338. "Sexually explicit conduct" means actual or simulated:

(a) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex or between humans and animals;

(b) Penetration of the vagina or rectum by any object;

(c) Masturbation;

(d) Sadomasochistic abuse for the purpose of sexual stimulation of the viewer;

(e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer;

(f) Defecation or urination for the purpose of sexual stimulation of the viewer; and

(g) Touching of a person's clothed or unclothed genitals, pubic area, buttocks, or breast area for the purpose of sexual stimulation of the viewer.

RCW 9.68A.011(3). The crime arguably is complete when the defendant merely causes the minor to engage in sexually explicit conduct, knowing the defendant or someone else will take a photograph. Just photographing the minor is not what constitutes the crime. *See Chester*, 133 Wn.2d at 23.

This court in *Chester* stated "it does not appear that the Legislature intended, under the current provisions of the sexual exploitation of minors statute, to criminalize the photographing of a child, where there is no influence by the defendant which results in the child's sexually explicit

conduct." 133 Wn.2d at 23. If the defendant posed the child knowing a photograph would be taken, but someone else took the picture, the defendant would still violate the statute. Moreover, in *State v. Farmer* we held that "the State's interest in protecting its children from sexual exploitation and abuse constitutes a sufficiently compelling reason justifying prohibiting minors from *posing* for sexually explicit photography." 116 Wn.2d 414, 423, 805 P.2d 200, 13 A.L.R.5th 1070 (1991) (emphasis added). The "unit of prosecution" does not appear to be merely the act of taking the photograph. Case law suggests something more must be involved than simply taking a photograph. The defendant must take some sort of active role in causing the sexually explicit conduct. Therefore, the defendant should not be charged per photograph. The "unit of prosecution" for RCW 9.68A.040 is engaging in activity that compels, aids, invites, employs, authorizes, or causes a minor to engage in sexually explicit conduct, while knowing such conduct will be photographed.

Chapter 9.68A RCW, Sexual Exploitation of Children, has a progression of prohibited conduct. The sequence starts with RCW 9.68A.040 which defines the prohibited conduct (one is not to compel, aid, invite, employ, authorize, or cause a minor to engage in sexually explicit conduct). While photographing is included in this section, one must first compel, aid, invite, employ, authorize, or cause sexually explicit conduct in order to be guilty of sexual exploitation of a minor. This section does not simply describe taking a photograph; it is a combination of causing a minor to engage in a specific activity, with knowledge the activity will be photographed, that constitutes the offense. The next section describes knowingly developing, duplicating, publishing, printing, disseminating, possessing, exchanging, or selling visual or printed matter depicting a minor engaged in sexually explicit conduct. RCW 9.68A.050. The following sections discuss bringing such materials into the state, possession of such materials, and processing such materials: RCW 9.68A.060, .070, .080. Section .040 focuses on the

action of causing conduct and the following sections refer to the product of this conduct. Therefore, it is reasonable to conclude that section .040 does not describe only the act of photography.

Root argues that "[n]othing contained within the statute suggests that the legislature sought to impose multiple punishments depending on the number of images produced during the sexual exploitation of the child, or the length of time during which the child engages in sexually explicit conduct." Pet. for Review at 12. Additionally, he argues that the statute does not distinguish between photography taken with a still camera, movie camera, or video recorder. Root concludes it is illogical that the "unit of prosecution" would be per photograph. A standard 35-mm motion picture camera produces 24 still pictures per second. A 10-minute motion picture produces the equivalent of 14,400 still frames. If the "unit of prosecution" is per photograph, the 10-minute video would constitute one "unit of prosecution" (or 14,400) while someone using a still camera could be charged each time a picture is taken. Arguably the culpable conduct is equal here; however, each would be charged with a different number of counts. Root argues that "the exploitation occurred during the time that each child was engaged in sexually explicit conduct. It should not matter how many photographic images were produced." Pet. for Review at 14. We agree that the culpable conduct involves more than simply taking the photograph.

The next question is whether the punishable course of conduct is the photo "session" or posing of the child. This court has stated that on its face, RCW 9.68A.040(1)(b) is not ambiguous.[4] *Chester*, 133 Wn.2d 21 (citing *Knutson*, 64 Wn.

---

[4] If the statute were ambiguous by failing to denote the "unit of prosecution" in the criminal statute, the rule of lenity would apply. *Adel*, 136 Wn.2d at 634 (citing *Bell v. United States*, 349 U.S. 81, 83, 75 S. Ct. 620, 99 L. Ed. 905 (1955)). Under the rule of lenity the ambiguity is to be construed in favor of lenity. *Adel*, 136 Wn.2d at 634-35. Since the statute does denote the "unit of prosecution," the rule of lenity does not apply here. Nevertheless, Root is being charged with the more lenient option. Charging Root per session is the more lenient of the two possibilities. So even though the rule of lenity does not apply in this case, Root is still being charged with the more lenient option.

App. at 81 n.4). The statute sets out the elements of the offense: (1) causing a minor to engage in sexually explicit conduct, and (2) knowing the conduct will be photographed. Some sort of "affirmative act of assistance, interaction, influence or communication on the part of a defendant which initiates and results in a child's display of sexually explicit conduct" is required, while at the same time knowing that this sexually explicit conduct will be photographed. *Chester*, 133 Wn.2d at 22. This course of conduct is encompassed in a photo session. The question to be answered is what act or course of conduct has the Legislature defined as the punishable act for sexual exploitation of a minor. The photo sessions included both posing the minor and photographing the minor. Merely posing a minor does not encompass both portions of the statute nor does merely photographing the minor. The photo session encompasses both portions of the statute: causing sexually explicit conduct and knowing it will be photographed. Therefore, the "unit of prosecution" in RCW 9.68A.040 is per photo session. It is apparent what constitutes separate photo sessions in this case. In most of the sessions only one child is involved and he or she is engaging in distinctly different activities in each session. Moreover, what constitutes a separate session can be determined through looking at the background in each photo because certain sessions took place in different rooms and in different houses. Though the sessions in this case appear to have occurred on separate days, it is possible to have more than one session on the same day.

The next issue is whether Root can be charged per photo session per child. The statute specifically states "a minor," so Root may be charged per child involved. In *Adel* this court stated that "[w]hen the Legislature defines the scope of a criminal act (the unit of prosecution), double jeopardy protects a defendant from being convicted twice under the same statute for committing just one unit of the crime." 136 Wn.2d at 634 (citing *Bell v. United States*, 349 U.S. 81, 83-84, 75 S. Ct. 620, 99 L. Ed. 905 (1955); *In re Snow*, 120 U.S. 274, 7 S. Ct. 556, 30 L. Ed. 658 (1887)). Since the unit

of crime in this case is per minor, charging Root per session involving each minor does not violate double jeopardy. Additionally, the same evidence test does not apply when the defendant is convicted for violating one statute multiple times. *Adel*, 136 Wn.2d at 633. Even if two children were involved in the same session, Root may be charged twice for the same session because he violated one unit of crime for each child involved in the session.

## CONCLUSION

Although Root was properly convicted of sexual exploitation of a minor, the incorrect "unit of prosecution" was used. The correct "unit of prosecution" under RCW 9.68A.040 is per photo session per minor involved. A total of 21 sessions took place, with three involving two children.[5] We direct the trial court to vacate 49 of Root's convictions for sexual exploitation of a minor and to resentence Root based on the 24 remaining convictions.

SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.

---

[5] The photographs have been divided into the following sessions: photographs 1, 5-8, 11-12, 14-19 (the "icy hot" photographs) involved one child; photograph 21 (the "ex-lax" photographs) involved one child; photographs 27-28, 30, 34 (black tank top) involved one child; photograph 68 (bathtub) involved two children; photograph 71 (diaper) involved two children; photographs 140 and 143 (on couch) involved one child; photographs 145-148 (dress) involved one child; photographs 151-158 (T-shirt) involved one child; photographs 161 and 163 (dress) involved one child; photograph 166 (with lotion) involved one child; photographs 167-168 and 173 (dress) involved one child; photographs 174-175 and 190 (bathtub) involved two children; photographs 179-180 and 189 (pink sleeper) involved one child; photographs 181-182 and 191 (on dark blue blanket) involved one child; photographs 187-188 (on light blue blanket) involved one child; photographs 192 and 194 (on rug) involved one child; photographs 197-199 (on bed) involved one child; photographs 200-202 and 204-205 (on floor) involved one child; photographs 210-213 and 215-216 (in barrel) involved one child; photographs 219 and 221-224 (on bed) involved one child; photograph 220 involved one child.