**STATE of Delaware**

v.

**Sean M. SISSON, Defendant.**

**I.D. No. 0403019957.**

Superior Court of Delaware,
New Castle County.

Submitted: March 14, 2005.
Decided: April 14, 2005.

Donald R. Roberts, Deputy Attorney General, Department of Justice, Wilmington, DE, for the State of Delaware.

William J. Rhodunda, Jr., Oberly, Jennings & Rhodunda, P.A., Wilmington, DE, for Defendant.

## MEMORANDUM OPINION

SLIGHTS, J.

### I.

Pending before the Court is Defendant, Sean M. Sisson's, Motion to Dismiss Counts II through X of a sixty-count indictment. Mr. Sisson was arrested on March 24, 2004, and subsequently indicted by the Grand Jury on ten counts of Sexual Exploitation of a Child ("Sexual Exploitation"), twenty-five counts of Unlawfully Dealing in Child Pornography ("Unlawful Dealing"), and twenty-five counts of Possession of Child Pornography ("Possession"). Counts I through X of the indictment charge Sexual Exploitation, under Title 11, Section 1108(1) of the Delaware Code ("Section 1108(1)"),[1] and allege that Mr. Sisson created digital images of his thirteen-year old daughter engaged in prohibited sexual acts. Each digital image was charged as a separate count of Sexual Exploitation. The remaining charges of Possession and Unlawful Dealing, Counts XI through LX, relate to a voluminous library of child pornography allegedly possessed and distributed by Mr. Sisson.

Mr. Sisson contends that Counts II through X (nine of the ten Sexual Exploitation counts) should be dismissed because these counts are multiplicitous and violate the double jeopardy clauses of the Delaware and United States Constitutions. He argues that the State improperly charged him with separate counts of Sexual Exploitation for each digital image notwithstanding that Section 1108(1) was intended to punish a course of conduct, not the individual images produced by the conduct. Accordingly, Mr. Sisson contends that be- cause all of the digital images of his daughter were created during one "photo session," he should have been charged with only one count of Sexual Exploitation and the remaining nine counts of Sexual Exploitation should be dismissed.

For the reasons that follow, the Court finds that the crime of Sexual Exploitation occurs each time a defendant creates a "visual depiction" of a child engaged in a "prohibited sexual act." Accordingly, Mr. Sisson was properly charged under Section 1108(1) for each of the ten allegedly exploitative digital images he created of his daughter. The Motion to Dismiss is **DENIED.**

### II.

On March 24, 2004, the Delaware State Police executed a search of Mr. Sisson's residence pursuant to a warrant. A number of items were seized from Mr. Sisson's residence, including his business computer.[2] On this computer, detectives found several hundred pornographic images of prepubescent children engaged in various sexual acts with adult males.[3] After being Mirandized, Mr. Sisson claimed ownership of the child pornography on his business computer and also admitted that he transmitted pornographic images of children to other individuals who collect and view these images via the Internet.[4] Additionally, Mr. Sisson admitted that several of the images found on his computer were still digital images of his thirteen-year-old daughter.[5] Specifically, detectives discovered twenty-four digital images of Mr. Sisson's daughter, which images were located in the same computer file that stored the

---

1. DEL.CODE ANN. tit. 11, § 1108(1) (2001).

2. D.I. 3, at 16.

3. *Id.*

4. *Id.*

5. *Id.*

child pornography.[6] Mr. Sisson acknowledged that he created each of these digital images during one "photo session" with his digital camera.[7] Ten of the digital images display close-up views of his daughter's genitalia, breasts and buttocks.[8]

Mr. Sisson was arrested and subsequently charged with twenty-five counts of Unlawful Dealing and twenty-five counts of Possession. The several hundred images of child pornography found on Mr. Sisson's computer along with his statements to police form the basis of these charges. Mr. Sisson also was charged with ten counts of Sexual Exploitation. Each of these counts relates to each of the ten close-up digital images of Mr. Sisson's daughter. Mr. Sisson now moves to dismiss nine of the ten counts of Sexual Exploitation on the ground that they are multiplicitous.

## III.

■ "The multiplicity doctrine is implicated when a single criminal offense is divided into multiple counts of an indictment, thereby violating the double jeopardy provisions of the United States Constitution and the Constitution of the State of Delaware."[9] Mr. Sisson contends that Counts II through X are multiplicitous because Section 1108(1) makes criminal the course of conduct that results in the exploitation of a child, not each individual picture or image taken during the course of such conduct. Accordingly, he contends that because all of the digital images of his daughter were created during one "photo session," he should have been charged with only one count of Sexual Exploitation.

Mr. Sisson proffers two justifications for his interpretation of Section 1108(1). First, he argues that the plain language of Section 1108(1) refers to a course of conduct, and alleges that Section 1108(1) defines the course of conduct by focusing on when a person knowingly "photographs" or "films" a child engaged in a prohibited sexual act. He contends that nothing in Section 1108(1) suggests that the General Assembly intended to codify a separate offense for each separate product of the exploitative act.

Second, Mr. Sisson contends that if the Court interprets Section 1108(1) to allow the State to charge a defendant for each arguably exploitative image, the Court would create a loophole for the defendant who "films" a child while engaged in a prohibited sexual act and thereby creates multiple exploitative images. He contends that even though a single moving picture likely would generate multiple depictions (or images) of prohibited sexual acts, the defendant who creates the film would be charged the same as a defendant who creates a single still photograph of prohibited sexual activity. According to Mr. Sisson, this scenario presents a patently unfair dichotomy in which defendants with dramatically different levels of culpability are charged and punished the same.

The State disagrees with Mr. Sisson's interpretation of Section 1108(1) and argues that the clear language of the statute leaves no doubt that a person commits the crime of Sexual Exploitation each time he creates a "visual depiction" of a "prohibited sexual act." Accordingly, Mr. Sisson was properly charged with one count of

6. *Id.*

7. *Id.*

8. *Id.* Mr. Sisson has indicated in court filings that he created the digital images to assist in the medical diagnosis of a skin condition suf-

fered by his daughter, which condition is clearly depicted in each of the images.

9. *Tilghman v. State*, 812 A.2d 225, n. 7, 2002 WL 31107054, at *1 n. 7 (Del.).

Sexual Exploitation for each of the ten exploitative digital images he created of his daughter.

The parties' contentions present one issue for the Court to decide: whether the criminal offense codified in Section 1108(1) is committed each time a defendant creates a "visual depiction" of a prohibited sexual act, or each time that a defendant engages in an ongoing course of conduct that results in the creation of such depictions.

## IV.

Section 1108 provides:

A person is guilty of sexual exploitation of a child when:

(1) The person knowingly photographs or films a child engaging in a prohibited sexual act or in the simulation of such an act, or otherwise knowingly creates a visual depiction of a child engaging in a prohibited sexual act or in the simulation of such an act.....[10]

The second clause—"or otherwise knowingly creates a visual depiction of a child engaging in a prohibited sexual act or simulation of such an act"—was added to the Statute by amendment in July, 2000.[11] According to the synopsis of the bill, the amendment was intended to address the expanded use of new technologies, such as digital images, computers and the Internet, as tools in the child pornography trade.[12] The amendment also created a definition of "visual depiction:"

(1) Any image which is recorded, stored or contained on or by developed or undeveloped photographic film, motion picture film or videotape; or (2) Data which is stored or transmitted on or by any computer, or on or by any digital storage medium or by any other electronic means which is capable of conversion into a visual image; or (3) Any picture, or computer-generated image or picture, or any other image whether made, stored, or produced by electronic, digital, mechanical or other means.[13]

Under this definition, each separate photograph, motion picture or digitally created image is a single "visual depiction." And, according to Section 1108(1), the creation of each "visual depiction" of a "prohibited sexual act" is a separate criminal offense.

Mr. Sisson would have the Court interpret the first clause of the statute, and specifically its emphasis on the verbs "photographs or films," to mean that the statute prohibits the act of photographing or filming prohibited sexual acts without regard for the number of images created by

---

10. " 'Prohibited sexual act' shall include: (1) Sexual intercourse; (2) Anal intercourse; (3) Masturbation; (4) Bestiality; (5) Sadism; (6) Masochism; (7) Fellatio; (8) Cunnilingus; (9) Nudity, if such nudity is to be depicted for the purpose of the sexual stimulation or the sexual gratification of any individual who may view such depiction; (10) Sexual contact; (11) Lascivious exhibition of the genitals or pubic area of any child; (12) Any other act which is intended to be a depiction or simulation of any act described in this subsection." DEL.CODE ANN. tit. 11, § 1103(f)(2001). In this case, the State alleges that the images of Mr. Sisson's daughter portray "nudity" in violation of the statute.

11. See S.B. 386, 140th Gen. Assem., 2d Reg. Sess., 2000 Del. Laws Ch. 480.

12. Id. ("Synopsis: Over the last few years, child pornographers have increasingly used a variety of new technologies, including computers and the Internet, to create, store and distribute child pornography. This Bill is intended to modernize Delaware's child pornography laws in order to ensure that our Criminal Code is able to meet the challenges posed by these new technologies. This Act will give our law enforcement agencies the tools they need to successfully investigate and prosecute child pornographers.").

13. DEL.CODE ANN. tit. 11, § 1103(g) (2001).

the conduct. An argument for this interpretation may have found more traction prior to the 2000 amendments to Delaware's child pornography and exploitation statutes. Read together, however, the amendments to Sections 1103 and 1108 make clear that the General Assembly intended that each creation of a "visual depiction" of a child engaged in a "prohibited sexual act" should be charged as a separate criminal offense under the Sexual Exploitation statute, regardless of the means by which the visual depiction is created.[14] Indeed, as a result of the 2000 amendments, the phrase "photographs or films," as used in the first clause of Section 1108(1), was subsumed within the phrase "creates a visual depiction," as it appears in the second clause, because a "visual depiction," by statutory definition, includes a "photograph" or "film."[15] Stated differently, the first clause of Section 1108(1) was rendered surplusage in the wake of the "visual depiction" language that was added to the second clause of Section 1108(1), and the corresponding definition

of "visual depiction" that was added to Section 1103.[16]

The Court is satisfied that our Supreme Court would endorse this interpretation of Section 1108 based on its holding in *Fink v. State*.[17] There, the court interpreted the Possession and Unlawful Dealing statutes and concluded that "[t]he clearest reading of the statutes [is] that each individual 'visual depiction' of child pornography ... constitutes the basis for a separate offense ...."[18] Although *Fink* addressed different provisions of Delaware's criminal code relating to the protection of children, its interpretation of the term "visual depiction" in connection with the child pornography statutes applies with equal force to the Sexual Exploitation statute. The term "visual depiction" was added to all of the child protection statutes—Possession, Unlawful Dealing and Sexual Exploitation— at the same time.[19] Mr. Sisson has offered no persuasive basis upon which the Court could conclude that the General Assembly contemplated different mean-

**14.** 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 51.03, at 237–40 (6th ed. 2000)("[T]he rule that statutes in *pari materia* should be construed together has the greatest probative force in the case of statutes relating to the same subject matter passed at the same session of the legislature, especially if they were passed or approved or take effect on the same day.....").

**15.** *See* DEL.CODE ANN. tit. 11, §§ 1103(g), 1108(*l*) (2001). Both a "photograph" and a "film," as nouns, are included within the definition of "visual depiction." *See* DEL.CODE ANN. tit. 11, § 1103(g)(1)("Any image which is recorded, shared or contained on or by developed or undeveloped photographic film, motion picture, film or videotape...."). Therefore, the second provision of Section 1108(*l*) can be read as "knowingly creates a photograph or film." When a person creates a photograph or a film, they are, by definition, photographing (verb) or filming (verb). *See* THE AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 681, 1364 (3d ed.

1992)("[F]ilm. To make a movie of or based on.")("[P]hotography. To take a photograph of.").

**16.** "Courts permit the elimination of words [within a statute] ... where apparent from the context of the act that the word[s][are] surplusage...." 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 47.37, at 387–88.

**17.** 817 A.2d 781 (Del.2003).

**18.** *Id.* at 788.

**19.** 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 51.03, at 237–40 (6th ed. 2000)("[T]he rule that statutes in *pari materia* should be construed together has the greatest probative force in the case of statutes relating to the same subject matter passed at the same session of the legislature, especially if they were passed or approved or take effect on the same day.....").

ings of the term "visual depiction" in related statutes, particularly when that body has given no indication of its intention to do so.[20]

Mr. Sisson misses the mark when he argues that the use of the terms "photographs" and "films" in their plural form in the Sexual Exploitation statute somehow reflects the General Assembly's intent to punish the act of photographing or filming without regard for the number of images created. He makes much of the fact that, in *Fink,* when the court concluded that the Possession statute justified a separate offense for each pornographic image found in the defendant's possession, it emphasized that the General Assembly chose to refer to "visual depiction" in its singular form.[21] This effort to contrast the analysis in *Fink*—a decision that clearly cuts against Mr. Sisson—as a means to support his position here has done nothing but confuse the issue. First, as a matter of statutory construction, it is well settled that *vel non* statutory terms are singular or plural is not, alone, dispositive of their

meaning.[22] Moreover, Mr. Sisson's *argument* focuses on verbs, *i.e.,* "films or photographs," but his *analysis* treats the words as if they were nouns. In doing so he ignores basic rules of grammar. While adding an "s" to the end of a noun will make the noun plural and thereby suggest more than one, this same exercise when undertaken with verbs will change the tense of the verb. There is, however, no singular or plural verb. Thus, the mere fact that the Sexual Exploitation statute uses "photographs" and "films" in their present tense does not suggest that the General Assembly intended that a defendant could create more than one exploitative visual depiction but face only one criminal charge.

Mr. Sisson urges the Court to adopt the reasoning of the Washington Supreme in *State v. Root.*[23] The statute at issue in *Root* provided that a person is guilty of Sexual Exploitation of a minor when the person "compels a minor by threat or force to engage in sexually explicit conduct, knowing that such conduct will be photographed

---

20. *See* S.B. 386, 140th Gen. Ass.2d Reg. Sess., 2000 Del. Laws Ch. 480. *See also* 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 51.01, at 174 ("Experience indicates that a legislature does not deliberately enact inconsistent provisions when it is cognizant of them both, without expressly recognizing the inconsistency.").

21. *See Fink,* 817 A.2d at 788 ("Both 11 *Del. C.* § 1109(4) and § 1111(*l*) use the term 'visual depiction' in the singular. The clearest reading of the statutes is that each individual 'visual depiction' of child pornography that is knowingly 'dealt' or possessed by a defendant constitutes the basis for a separate offense under the statutes. Accordingly, ... possession of multiple photographs depicting child pornography [constitute] multiple violations of both the dealing and possession statute."). As best as the Court can tell, Mr. Sisson is arguing that the holding in *Fink* is justified because the applicable statute clearly reflects

a legislative intent to punish a defendant for each pornographic image by its use of the term "visual depiction" in the singular form. In contrast, the Sexual Exploitation statute uses the verbs "photographs" and "films" in their plural form, thereby reflecting the General Assembly's recognition that multiple images may be created in a single unlawful photo session.

22. *See* DEL.CODE ANN. tit. 1, § 304 (2001)("Words used in the singular number include the plural and the plural includes the singular."). *See also* 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION, § 47.34, at 374–75("[I]t is well-established, by statute and judicial decision, that legislative terms which are singular in form may apply to multiple subjects or objects. Those which are plural in form may apply to single subjects or objects....").

23. 141 Wash.2d 701, 9 P.3d 214 (2000).

or part of a live performance." [24] The court characterized the punishable act under the statute as the "unit of prosecution," and concluded that the proper "unit of prosecution" under the statute was per "photo session" rather than per image. The court reasoned that to find otherwise would create an inconsistency between photographs and motion pictures: while a court could readily count the number of still photographs taken to determine the number of criminal offenses that had been committed, such a review would be of no help in the case of a video or motion picture because each video or motion picture likely would contain thousands of still images (frames) of "sexually explicit conduct." [25] Given this difficulty, the court declined to measure the "unit of prosecution" by the number of end products created by the exploitative conduct. [26]

The Court is not persuaded that *Root* adds much to the analysis here. First, Washington's Sexual Exploitation statute is significantly different from Section 1108(1). The Washington statute is concerned with the means by which the creation of the photograph or image is facilitated (e.g. "by threat or force"), rather than the photographs, images or other end-products of the exploitative conduct. In other words, under the Washington statute, "[t]he crime is arguably complete when the defendant merely causes the minor to engage in sexually explicit conduct, knowing that the defendant will take a photograph. Just photographing the minor is not what constitutes the crime." [27] By contrast, Section 1108(1) is focused on the "visual depiction" that is created, regardless of the means by which the creation of the image is facilitated (e.g. by threat, force or by voluntary compliance).

Additionally, *Root* provides no guidance as to how to apply the per "photo session" unit of prosecution or even what constitutes a "session." [28] It is unclear, for instance, whether a new session begins each time a new partner is introduced, each time the camera is turned off and then on again, each time the scenery changes, or whether it is measured by a particular length of time. Consequently, the "per session" unit of prosecution does not adequately place defendants on notice of what constitutes an act of Sexual Exploitation, nor does it present a practical means by which judges and/or juries can apply the law. [29]

Finally, the Court rejects Mr. Sisson's suggestion that a per "visual depiction" unit of prosecution is unconstitutional simply because a defendant who films a child engaged in a prohibited sexual act in a motion picture (with multiple still images) would be charged the same as a defendant who creates a single still image. While

---

24. *Id.* at 216.

25. *Id.* at 218.

26. *Id.*

27. *Id.*

28. At oral argument defense counsel likewise was unable to suggest to the Court an appropriate jury instruction to explain the "per session" unit of prosecution.

29. Mr. Sisson also cites a number of cases in which a defendant was charged with one count of Sexual Exploitation where multiple photographs were taken by each of the defendants. *See, e.g., State v. Crawford,* 2003 WL 21915866 (Del.Super.); *Keichline v. State,* 602 A.2d 1081, 1991 WL 181508 (Del.); *State v. Pandiscio,* 1995 WL 339028 (Del.Super.); *Commonw. of Pa. v. Kitchen,* 814 A.2d 209 (Pa.Super.Ct.2002). These cases are not helpful because they do not address the issue before the Court in this case: what is the proper "unit of prosecution" under Section 1108(1)? Moreover, the State's decision not to charge a crime does not mean that a crime was not committed.

this example may reveal a practical loophole in the codified law, it does not reveal a constitutional infirmity. Moreover, what may appear, at first glance, to be a statutory loophole can easily be remedied at sentencing. Among the factors in aggravation of the crime that the court may consider when determining an appropriate sentence are the circumstances surrounding the creation of the "visual depiction," including the length of a filming session, and the nature of the end-product itself.

## VI.

For the foregoing reasons, the Court finds that the "unit of prosecution" under Section 1108 is each "visual depiction" of a "prohibited sexual act" that is created by the defendant. Under this analysis, Mr. Sisson was properly charged under Section 1108 for each of the ten allegedly exploitative digital images he created of his daughter. The Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**