182 P.3d 491 (2008)
STATE of Washington, Respondent/Cross Appellant,
v.
Jon Curtis REEVES, Appellant/Cross Respondent.
No. 59528-8-I.
Court of Appeals of Washington, Division 1.
May 5, 2008.
*492 Thomas Michael Kummerow, Attorney at Law, Washington Appellate Project, Seattle, WA, for Appellant/Cross Appellant.
Thomas Marshal Curtis, Snohomish County Pros. Office, Everett, WA, for Respondent/Cross-Appellant.
LAU, J.
¶ 1 Jon Reeves was convicted of two counts of possessing a photograph depicting a minor engaged in sexually explicit conduct pursuant to RCW 9.68A.070. The photographs were part of seven separate collages that were kept in a notebook. Relying on Division Two's decision in State v. Sutherby, 138 Wash.App. 609, 158 P.3d 91 (2007), review granted, 162 Wash.2d 1018, 178 P.3d 1034 (2008), Reeves argues that his conviction violated double jeopardy because the photographs were contained in a single notebook and thus constituted a single unit of prosecution. We decline to adopt Sutherby's conclusion that the word "any" in the statute's definition of "visual or printed matter" rendered ambiguous the unit of prosecution for violation of RCW 9.68A.070. Rather, we adhere to State v. Gailus, 136 Wash.App. 191, 147 P.3d 1300 (2006) in which we held that the unit of prosecution is one crime for each photograph, regardless of whether they are stored in a single location. Accordingly, we affirm Reeves's conviction.

FACTS
¶ 2 On January 2, 2006, Tara Washek and Ronald Berry were packing the belongings of Jon Reeves and his fiancé, who had stayed with them during the month of December. When Washek picked up a notebook, some photographs fell out. The notebook was ultimately found to contain dozens of photographs, taped together in seven separate collages, most of which depicted young males engaged in sexually explicit conduct. Washek contacted the police.
¶ 3 Reeves was arrested and charged with two counts of possession of depictions of a minor engaged in sexually explicit conduct as proscribed by RCW 9.68A.070. A nurse qualified as an expert in maturation staging and age approximation testified that at least two of the boys in the photographs were most likely under the age of fourteen. The photographs were from two different collages. Reeves was convicted as charged, and the trial court imposed two concurrent sentences. Reeves appealed.

ANALYSIS
¶ 4 Reeves argues that the entry of two convictions violated his right against double jeopardy because the simultaneous possession of multiple photographs found in a single notebook constitutes a single unit of prosecution for which he is subject to a single conviction under RCW 9.68A.070. He contends that this result is compelled by Sutherby, in which Division Two held that the unit of prosecution for violating RCW 9.68A.070 was ambiguous, and therefore, under the rule of lenity, the defendant's act of simultaneously possessing multiple materials in the same *493 location is one unit of prosecution for which he was subject to one conviction.
¶ 5 The double jeopardy clause of the Fifth Amendment and the corresponding provision in the Washington State Constitution protect a defendant from being punished multiple times for the same offense. State v. Adel, 136 Wash.2d 629, 632, 965 P.2d 1072 (1998). Reeves did not raise a double jeopardy argument below, but this is a constitutional challenge that may be raised for the first time on appeal. State v. O'Connor, 87 Wash. App. 119, 123, 940 P.2d 675 (1997). "When a defendant is convicted of violating one statute multiple times, the proper inquiry for double jeopardy analysis is what `"unit of prosecution"' the legislature intended as the punishable act or course of conduct under the specific criminal statute." Gailus, 136 Wash. App. at 195, 147 P.3d 1300 (quoting Adel, 136 Wash.2d at 633-34, 965 P.2d 1072).
¶ 6 The first step in determining the proper unit of prosecution is to examine the language of the statute. State v. Ose, 156 Wash.2d 140, 144, 124 P.3d 635 (2005). Statutory construction is a question of law reviewed de novo. State v. Fisher, 139 Wash. App. 578, 583, 161 P.3d 1054 (2007). The court first looks to the statute's plain meaning to determine legislative intent. Ose, 156 Wash.2d at 144, 124 P.3d 635. "Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." State v. Elmore, 143 Wash.App. 185, 177 P.3d 172, 173 (2008). Statutes are construed as a whole to harmonize and give effect to all provisions when possible. State v. Young, 125 Wash.2d 688, 696, 888 P.2d 142 (1995). "A statute is ambiguous if it can be reasonably interpreted in more than one way." State v. Mullins, 128 Wash.App. 633, 642, 116 P.3d 441 (2005). "If the language of a penal statute is ambiguous, the courts apply the rule of lenity and resolve the issue in a defendant's favor." State v. Knutson, 64 Wash.App. 76, 80, 823 P.2d 513 (1991).
¶ 7 RCW 9.68A.070 provides, "A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a class B felony." RCW 9.68A.011(2) defines "`[v]isual or printed matter'" as "any photograph or other material that contains a reproduction of a photograph." RCW 9.68A.011(1) states that "[t]o `photograph' means to make a print, negative, slide, digital image, motion picture, or videotape," and that "[a] `photograph' means anything tangible or intangible produced by photographing."
¶ 8 Reeves, relying on Sutherby, focuses his unit of prosecution analysis on the term "any" in RCW 9.68A.011(2). In Sutherby, the defendant was charged with ten counts under RCW 9.68A.070, one count for each of ten different digital files found on his home computer. The trial court ruled that the proper unit of prosecution was one count for each child who was photographed or filmed and so it consolidated those counts relating to different visual images of the same minors. Sutherby, 138 Wash.App. at 613, 158 P.3d 91. Sutherby was convicted and sentenced on all seven charged counts.
¶ 9 On appeal, Sutherby argued that the definition of "`visual or printed matter'" as "`any photograph or other material that contains a reproduction of a photograph'" means that the act of possessing child pornography at any one time or general location is a single unit of prosecution. Id. at 614, 158 P.3d 91 (quoting RCW 9.68A011(2)). The State argued that "any" means "one" and that under this definition, each distinct photograph or digital file is the proper unit of prosecution. Id. at 614, 158 P.3d 91.
¶ 10 Division Two held that "Sutherby's violation of [RCW 9.68A.070] by simultaneously possessing multiple materials in the same location is one unit of prosecution for which he is subject to only one conviction." Id. at 615, 158 P.3d 91. The court began its analysis by observing that the dictionary definition of the word "any" encompasses a "full spectrum of quantities," including "(1) one; (2) one, some or all regardless of quantity; (3) one or more; (4) great, unmeasured, or unlimited in amount; and (5) all." Id. at 614, 158 P.3d 91 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 97 (1976)). The court reasoned that the placement of the word "any" in RCW 9.68A.011(2) provides no *494 guidance as to the legislature's intended use of the term and that "the statute is equally sensible" using the definitions "(1) one, (2) one, some or all . . ., [or] (3) one or more." Id. at 614, 158 P.3d 91. The court stated,
Under these readings, the legislature may have intended that the statute ban the possession of (1) one photograph or other material that contains a reproduction of a photograph; (2) one, some, or all, regardless of quantity, photographs or other material containing a reproduction of a photograph; or (3) one or more photographs or other material containing a reproduction of a photograph.
Id. at 614-15, 158 P.3d 91.
¶ 11 Because Division Two concluded that the word "any" rendered the statute ambiguous, it applied the rule of lenity and held that "Sutherby's violation of the statute by simultaneously possessing multiple materials in the same location is one unit of prosecution for which he is subject to only one conviction." Id. at 615, 158 P.3d 91.
¶ 12 Reeves argues that the Sutherby decision correctly held that the unit of prosecution for RCW 9.68A.070 was ambiguous and that the rule of lenity applies. Because both of the suspect images he possessed were contained in a single notebook, he contends that he was simultaneously possessing multiple materials in the same location and is therefore subject to only one conviction.
¶ 13 We differ with Sutherby and hold that the legislature's use of the word "any" in defining "visual or printed matter" does not render ambiguous the unit of prosecution for violations of RCW 9.68A.070. When the applicable statutes are properly construed as a whole and the word "any" is viewed in context, Sutherby's construction of the statute is unreasonable and the law of lenity does not apply.
¶ 14 Sutherby stated that the term "any" was ambiguous because it could mean "(1) one, (2) one, some, or all . . ., [or] (3) one or more." Sutherby, 138 Wash.App. at 614, 158 P.3d 91. But RCW 9.68A.011(2) defines "visual or printed matter" as "any photograph or other material that contains a reproduction of a photograph." (Emphasis added.) The Legislature's use of the singular term "photograph" expressly modifies the term "any" and renders it unambiguous. Moreover, RCW 9.68A.070 prohibits possession of "visual or printed matter depicting a minor engaged in sexually explicit conduct. . . ." (Emphasis added.) Again, the legislature's use of the singular term "minor" plainly demonstrates its intent to permit the State to bring a separate charge for each minor photographed. When RCW 9.68A.070 and RCW 9.68A.011(2) are construed together to harmonize and give effect to both provisions, the statutes unambiguously provide that the proper unit of prosecution is each photograph or reproduction of a photograph of a minor engaged in sexually explicit conduct possessed.
¶ 15 Adopting the Sutherby court's reasoning would also result in a defendant receiving the same punishment as for possessing photographs of one hundred children than for possessing only one, provided that the photographs were stored at the same location. "[D]efendants who commit such multiple violations should not receive a volume discount for the many separate crimes they commit." Commonwealth v. Davidson, 938 A.2d 198, 216 (Pa.2007).
¶ 16 Our conclusion in this case is in accord with our recent decision in State v. Gailus, 136 Wash.App. 191, 147 P.3d 1300. Gailus was charged and convicted of ten counts of possessing depictions of a minor engaged in sexually explicit conduct based on twelve digital files stored on a single compact disc.[1] Focusing on the phrase "visual or printed matter" in RCW 9.68A.011(2), Gailus argued that nine of his ten convictions must be vacated because the word "matter" indicates legislative intent to define the unit of prosecution as the compact disc itself, not the individual digital files. Id. at 196-97, 147 P.3d 1300.
¶ 17 We rejected Gailus's argument and held that the proper unit of prosecution was each digital file, not the single compact disc. First, we ruled that the digital images were *495 photographs because "they clearly fall within the broad category of `anything tangible or intangible' as stated in the definition of `photograph' in RCW 9.68A.011(1)." Id. at 197, 147 P.3d 1300. Second, we rejected Gailus's assertion that the term "visual or printed matter" indicates a legislative intent to define possession of a single compact disc as the unit of prosecution, observing that Gailus's interpretation would require "a strained, unlikely, and absurd reading of the statute." Id. Third, we noted that
the conclusion that possession of a compact disc constitutes a single unit of prosecution could lead to an absurd scenario in which an individual who possesses multiple books containing one visual depiction apiece would violate the statute multiple times, whereas an individual with hundreds of images on a hard drive or compact disc would only violate the statute once.
Id. at 198, 147 P.3d 1300.
¶ 18 The Sutherby court acknowledged that its determination of the proper unit of prosecution under RCW 9.68A.070 differed from that of Division One in Gailus, but reasoned that Gailus's "narrow unit of prosecution ruling" did not apply because that court "was not asked to interpret the word `any.' Its analysis focused instead on whether a compact disc containing multiple images constituted one unlawful act or many." Id. at 615-16, 158 P.3d 91. But even though Gailus did not interpret the word "any," it did interpret the term "visual or printed matter" in RCW 9.68A.011(2) as encompassing individual images rather than the storage medium and specifically noted the absurd results that could arise from this interpretation. Our analysis of the statute correctly emphasized the legislative intent to define the unit of prosecution in terms of the individual digital images, not their location.
¶ 19 Our conclusion finds ample support in additional case law construing similar statutes in Washington and in many other jurisdictions.
¶ 20 In Knutson, 64 Wash.App. 76, 823 P.2d 513, the defendant argued that his two convictions for violation of RCW 9.68A.050[2] were multiplicious and should have counted as only one conviction. The defendant had stipulated that he possessed with intent to duplicate at least two sexually explicit photographs of each of two youths. Because RCW 9.68A.011(2) defines "visual or printed matter" as "any photograph or other material that contains a reproduction of a photograph," the court held that the trial court properly found that the four counts were not multiplicious. Id. at 81, 823 P.2d 513 (emphasis added).
¶ 21 This conclusion is also consistent with the Washington Supreme Court's definition of "any" in the analogous context of the rape statutes. In State v. Tili, 139 Wash.2d 107, 985 P.2d 365 (1999), the defendant was convicted of three counts of first degree rape, one for each penetration during the same event. The defendant argued that his three convictions for first degree rape violated double jeopardy because he was punished three times for the same offense. The court determined that the unit of prosecution was "sexual intercourse", which was defined as "any penetration, however slight." RCW 9A.44.010(1). The court then stated, "Although the word `any' is not defined by the statute, `Washington courts have repeatedly construed the word "any" to mean "every" and "all."'" Tili, 139 Wash.2d at 115, 985 P.2d 365 (quoting State v. Smith, 117 Wash.2d 263, 271, 814 P.2d 652 (1991)). Because "any" penetration meant "every" penetration, there was no double jeopardy violation.
¶ 22 Other jurisdictions have similarly held that analogous statutes employing the word "any" unambiguously demonstrate a legislative intent that each photograph constitutes a separate offense. See Davidson, 938 A.2d 198, 207 (holding that a plain reading of statute criminalizing possession of "any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material" depicting a minor "engaging in a prohibited sexual act or in the simulation of such act" demonstrated legislative intent that possession *496 of each image was a discrete and separate criminal act); State v. Ravell, 155 N.H. 280, 284, 922 A.2d 685 (2007) (same result where statute criminalized possession of "any visual representation of a child engaging in sexual activity," defined as "any pose, play, dance or other performance, exhibited before an audience or reproduced in . . . any book, magazine, pamphlet, motion picture film, photograph or picture") (emphasis added); State v. Mather, 264 Neb. 182, 187-88, 646 N.W.2d 605 (2002) (statute unambiguously allowed separate unit of prosecution for each photograph, where "any visual depiction" defined as "a photographic representation"); State v. Multaler, 252 Wis.2d 54, 81-84, 643 N.W.2d 437 (2002) (rejecting defendant's claim that the word "any" showed plain legislative intent to allow prosecution based only upon the storage medium, not individual images); Vineyard v. Texas, 958 S.W.2d 834, 838 (Tex.Crim.App.1998) (each item of child pornography could be charged separately where statute used singular term "film image" and each child depicted was individually harmed).
¶ 23 Courts in other jurisdictions have upheld multiple convictions even where the statute contained a plural listing of prohibited materials.[3]See State v. Howell, 169 N.C.App. 58, 62, 609 S.E.2d 417 (2005) (holding that "listing of plural items in the definition of `material' is merely a matter of style"); State v. Fussell, 974 So.2d 1223, 1233 (La.2008) (construing statutes together demonstrates "legislative goal to protect any single child from being sexually exploited through the visual reproduction of any single sexual performance") (emphasis added).
¶ 24 When RCW 9.68A.070 and RCW 9.68A.011 are properly construed as a whole to harmonize and give effect to all provisions, the statutes unambiguously demonstrate the legislature's intent that the unit of prosecution for a violation of RCW 9.68A.070 is each photograph or reproduction of a photograph of a minor engaged in sexually explicit conduct.[4] Accordingly, we conclude that Reeves's convictions did not violate double jeopardy, and we affirm.
WE CONCUR: APPELWICK and BECKER, JJ.
NOTES
[1] The State charged ten counts for the twelve files because two of the counts were based on two separate files, each depicting the same minor.
[2] RCW 9.68A.050(2) provides that a person who "[p]ossesses with intent to develop, duplicate, publish, print, disseminate, exchange, or sell any visual or printed matter that depicts a minor engaged in an act of sexually explicit conduct is guilty of a class C felony. . . ."
[3] But see United States v. Reedy, 304 F.3d 358, 363 (5th Cir.2002) (holding that statute defining "`any visual depiction'" as "books, magazines, periodicals, films, video tapes . . ." was ambiguous regarding unit of prosecution and limiting the holding to its facts).
[4] Because each of the two counts in this case was based on a different photograph depicting a different minor, we do not address the implications of multiple photographs depicting the same minor.