[No. 27057-5-I.   Division One.   June 29, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT LEE HUCKINS, *Appellant.*

214

*Joshua Weinstein* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Scott A. Peterson, Deputy,* for respondent.

COLEMAN, J. — Robert Lee Huckins appeals the judgment and sentence entered against him for two counts of possession of depictions of a minor engaged in sexually explicit conduct. He argues that the trial court erred by refusing to instruct the jury according to Huckins' supplemental instruction and by refusing to give the jury a *Petrich*[1] instruction. Huckins also claims that the prosecutor misstated the law and consequently engaged in prosecutorial misconduct. We affirm.

Pursuant to information from an informant, the King County Police obtained a warrant to search Robert Lee Huckins' home for depictions of minors engaged in sexually explicit conduct. Upon execution of the warrant, the police found four different magazines (titled "Young Rebels 1", "Young Rebels 2", "Tough", and "Gary Wilde and the Boys")

---

[1]*State v. Petrich,* 101 Wn.2d 566, 683 P.2d 173 (1984), *modified by State v. Kitchen,* 110 Wn.2d 403, 756 P.2d 105 (1988).

in a safe beside Huckins' bed. On January 10, 1990, the State charged Huckins with four counts (one count for each magazine) of possession of depictions of a minor engaged in sexually explicit conduct, in violation of RCW 9.68A.070.[2]

At trial, Huckins argued that possessing depictions of nudity "without more" is not illegal, citing *Osborne v. Ohio*, 495 U.S. 103, 112, 109 L. Ed. 2d 98, 111, 110 S. Ct. 1691 (1990). (In dictum, the *Osborne* Court noted that it had previously stated in *New York v. Ferber*, 458 U.S. 747, 765 n.18, 73 L. Ed. 2d 1113, 1128, 102 S. Ct. 3348 (1982) that "depictions of nudity, without more, constitute protected expression.") Huckins also submitted a proposed supplemental jury instruction which read: "[d]epictions of nudity, without more, constitute protected expression and the law does not prohibit the possession of such depictions." The trial court declined to give that proposed instruction but stated that during closing arguments both counsel could argue the proposition that it advanced.

Among the instructions that were read to the jury was instruction 6, which stated:

> To convict defendant Robert Huckins of the crime of possession of depiction of minor [*sic*] engaged in sexually explicit conduct, as charged in Count I, each of the following elements must be proved beyond a reasonable doubt:
> (1) That on or about October 31, 1989, the defendant:
>   (a) knowingly
>   (b) possessed visual or printed matter ("Young Rebels 1") depicting:
>     (i) a minor
>     (ii) engaged in the exhibition of the genitals or unclothed pubic or rectal areas of any minor for the purpose of sexual stimulation of the viewer.
> (2) That this act occurred in King County, Washington.

---

[2]Former RCW 9.68A.070 reads:

**"Possession of depictions of minor engaged in sexually explicit conduct.** A person who knowingly possesses visual or printed matter depicting a minor engaged in sexually explicit conduct is guilty of a gross misdemeanor."

RCW 9.68A.011(2) defines "visual or printed matter" as "any photograph or other material that contains a reproduction of a photograph."

In addition, RCW 9.68A.011(3) defines "sexually explicit conduct" in part as "actual or simulated . . . (e) Exhibition of the genitals or unclothed pubic or rectal areas of any minor, or the unclothed breast of a female minor, for the purpose of sexual stimulation of the viewer[.]"

Three additional "to convict" instructions identical to instruction 6 were also given, substituting the titles of the other magazines named in counts 2, 3, and 4 respectively.

Consistent with the court's statement, the defense counsel stated during closing argument:

> Now nudity, depictions of nudity, without more, is not illegal. That is not a crime. That refers to Count 1 and that refers to Count 2, which is "Young Rebels 2." Nudity. Depictions of nudity, without more, is not a crime. So . . . even if you know that you have magazines or photographs depicting simple nudity, without more, that's not a problem.

The prosecution responded to the defense counsel's comment as follows:

> [PROSECUTOR:] He [defense counsel] says the issue here is nudity, and he cites a principle of law. A principle of law. You know something? He is right. Depictions of nudity, without more, is not a crime. He is right.
> . . . Depictions of nudity, without more, is not a crime, *except when depictions are of children, then it is a crime.*
> [DEFENSE COUNSEL:] I'll object, your Honor. That is a complete misstatement of the law.
> [THE COURT:] We will give you the opportunity, counsel. You may proceed.
> [PROSECUTOR:] All right. That's what the statute says. *You've got pictures of naked kids, genitals exposed, minors, that's a crime. There it is right there, State of Washington.* So you can disregard any philosophizing defense counsel may have on whether or not nudity in this context is okay, because it's not. The legislature has said so. We are bound by that.

(Italics ours.) During a brief surrebuttal, the defense counsel merely reiterated that nudity, without more, is protected expression.

The jury found Huckins guilty of counts 1 ("Young Rebels 1") and 2 ("Young Rebels 2") and was not able to reach a verdict for counts 3 and 4. The trial court entered judgment accordingly. Huckins appeals.

We initially consider whether the trial court erred by refusing to instruct the jury in accord with Huckins' proposed supplemental instruction but, nonetheless, allowing counsel to argue that depictions of nudity, without more, constitute protected expression. Huckins contends that the

court erred in this regard because he was not able to argue his theory of the case to the jury (*i.e.*, that possession "without scienter" of the types of depictions at issue here does not violate RCW 9.68A.070) and, thus, was deprived of a fair trial.[3] He also argues that the trial court, in effect, delegated a question of law to the jury.

■ It is the role of the trial court to determine questions of law and explain the law of the case to the jury through jury instructions. *State v. Shelton*, 71 Wn.2d 838, 842, 431 P.2d 201 (1967). The trial court may not delegate to the jury the task of determining the law. *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984). Further, "[a]ny statements as to the law in closing argument are to be confined to the law set forth in the instructions." (Footnote omitted.) *State v. Mak*, 105 Wn.2d 692, 726, 718 P.2d 407, *cert. denied*, 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986); *State v. Davenport*, 100 Wn.2d 757, 760, 675 P.2d 1213 (1984). Jury instructions are sufficient if they correctly state the law, if they "are readily understood and not misleading to the ordinary mind," and if they permit counsel to argue his or her theory of the case. *State v. Dana*, 73 Wn.2d 533, 537, 439 P.2d 403 (1968); *see also State v. Mark*, 94 Wn.2d 520, 526, 618 P.2d 73 (1980).

In this case, the instructions as given embraced the concept that Huckins' proposed instruction advanced. The "to convict" instructions clearly advised the jury that before it could convict Huckins of the counts charged, it first had to conclude that, for each count, Huckins knowingly possessed the named magazine and that that magazine depicted "a minor engaged in the exhibition of the genitals or unclothed pubic or rectal areas of any minor for the purpose of sexual stimulation of the viewer." From those instructions, Huckins could argue that the possession of depictions of nudity, without more, does not violate RCW 9.68A.070. Consequently, the trial court did not err by refusing to instruct

---

[3]We note that Huckins neither challenges the validity of the statute on First Amendment grounds nor challenges the sufficiency of the evidence.

the jury according to Huckins' proposed supplemental instruction or by permitting counsel to argue the proposition that that instruction advanced.[4]

We next consider whether the trial court erred by overruling defense counsel's objection to the State's characterization of the law. Huckins contends that the State misstated the law and that that error amounted to prosecutorial misconduct requiring reversal of his convictions. In response, the State argues that defense counsel invited any error that occurred during closing arguments by his own statement of the law.

Invited error results when a party's own action during trial creates the error. *See State v. Carpenter*, 52 Wn. App. 680, 683, 763 P.2d 455 (1988). However, even if defense counsel invites error, the State's response will have exceeded proper rebuttal and will not have been "invited" if the State's subsequent comments misstate the law of the case and are not "in harmony with submitted instructions." *Davenport*, at 761.

▇ In this case, the defense counsel did not invite error because his argument was consistent with the instructions given to the jury. However, the State's comments (see the

---

[4]In any event, the proposed instruction might have been too sweeping given the decision in *Osborne v. Ohio*, 495 U.S. 103, 109 L. Ed. 2d 98, 111, 110 S. Ct. 1691 (1990). There the Court stated:

In *Stanley [v. Georgia*, 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243 (1969)], we struck down a Georgia law outlawing the private possession of obscene material. We recognized that the statute impinged upon Stanley's right to receive information in the privacy of his home . . . [.]

*Stanley* should not be read too broadly. We have previously noted that *Stanley* was a narrow holding . . . and, since the decision in that case, the value of permitting child pornography has been characterized as "exceedingly modest, if not *de minimis*." *New York v. Ferber*, 458 U. S. 747, 762 (1982). But assuming, for the sake of argument, that Osborne has a First Amendment interest in viewing and possessing child pornography, we nonetheless find this case distinct from *Stanley* because the interests underlying child pornography prohibitions far exceed the interests justifying the Georgia law at issue in *Stanley*. Every court to address the issue has so concluded.

(Citation omitted.) *Osborne*, at 108.

italicized portions of the State's argument, *supra* at 216) were error because they gave an incomplete statement of the law: RCW 9.68A.070 prohibits possession of depictions of minors engaged in sexually explicit conduct — it does not wholly and unconditionally prohibit the possession of depictions of nude minors. The trial court should have sustained defense counsel's objection and taken action to clarify the law for the jury. However,

> a case will not be reversed for improper argument of law by counsel unless such error is prejudicial to the accused, and only those errors which may have affected the outcome of the trial are prejudicial. Errors that deny a defendant a fair trial are per se prejudicial. To determine whether the trial was fair, the court should look to the trial irregularity and determine whether it may have influenced the jury. In doing so, the court should consider whether the irregularity could be cured by instructing the jury to disregard the remark. Therefore, in examining the entire record, the question to be resolved is whether there is a substantial likelihood that the prosecutor's misconduct affected the jury verdict, thereby denying the defendant a fair trial.

(Citations omitted.) *Davenport*, at 762-63.

The issue thus becomes whether a substantial likelihood exists that the prosecutor's misconduct of mischaracterizing the law affected the jury verdict. Reviewing the entire record, particularly the totality of the State's closing argument, we conclude that it did not. The State based its argument upon the "to convict" instructions which correctly advised the jury of the elements which the State had to prove for each count. As the transcript of closing arguments indicates, one of those instructions was written on a visual aid for the jury to view during the arguments. At no time did the State contradict those instructions. Further, the State's argument clearly directed the jury's attention to the evidence by asserting that a rational trier of fact could find that each of the four magazines depicted a minor engaged in sexually explicit conduct for purposes of a viewer's sexual stimulation.

In addition, after the defense counsel objected to the State's comment and the trial court responded, the defense

counsel made no further attempt at that time to pinpoint the precise error or to seek a mistrial. Even when defense counsel addressed the jury in surrebuttal he did no more than reiterate that depictions of nudity, without more, constitute protected expression and are not prohibited. That limited surrebuttal, however, is not necessarily surprising given that, aside from the comments at issue, the State's argument clearly delineated what had to be proved before the jury could convict Huckins of any of the counts.

Our resolution of this issue is also influenced by the fact that the State's misconduct in the present case is readily distinguishable from the misconduct in *Davenport*. In *Davenport*, the defendant was charged with second degree burglary. During rebuttal, the State discussed the theory of accomplice liability although the defendant was not charged as an accomplice and the State did not request a jury instruction on accomplice liability. *Davenport*, at 760. Because the court believed that the State's improper comment may have influenced the jury and, thus, deprived the defendant of a fair trial, the court reversed his conviction and remanded the case for a new trial. *Davenport*, at 763.

As discussed above, the State's argument in the present case did not go beyond the scope of the jury instructions. The comments in question merely stopped short of making a complete statement of the law. However, the remainder of the State's argument and the jury instructions provided the additional information that the jury needed to be apprised of the law. Moreover, the jury was instructed to "[d]isregard any remark, statement or argument that is not supported by the evidence *or the law as stated by the court*." (Italics ours.) Thus, given the entire context of the proceeding, the jury would not have been confused by the State's improper argument, and Huckins was not deprived of a fair trial.

Finally, we consider whether the trial court erred by failing to give the jury a *Petrich* instruction. Huckins contends that the trial court should have either given the jury a

unanimity instruction or required the State to elect the specific depictions within each magazine upon which the State would rely because the jurors could have relied upon different depictions in each magazine as a basis for their individual findings. The State contends that for each count, Huckins' action of possessing the named magazine constituted a single transaction and, hence, neither election nor a *Petrich* instruction was required.

Pursuant to *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984), *modified by State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988), when a defendant is charged with one count of criminal conduct but "the evidence indicates that several distinct criminal acts have been committed," the jury's unanimous verdict on one criminal act must be ensured by the State's election of the particular act it intends to prove or by providing a unanimity instruction to the jury. *Petrich*, at 572; *see also State v. Camarillo*, 115 Wn.2d 60, 64, 794 P.2d 850 (1990).

In *Petrich*, the defendant was convicted of one count of indecent liberties and one count of second degree statutory rape. The evidence indicated that "multiple instances of conduct . . . could have been the basis for each charge." *Petrich*, at 573. Specifically, the victim testified about several different incidents occurring at separate times and places. *Petrich*, at 571. The court reversed the convictions and granted the defendant a new trial because the trial court failed to ensure a unanimous verdict. *Petrich*, at 573.

However, the *Petrich* rule only applies if the State presents evidence of " ' "several distinct acts" '." *State v. Handran*, 113 Wn.2d 11, 17, 775 P.2d 453 (1989) (quoting *Petrich*, at 571). Possessing a single publication containing illegal depictions cannot properly be characterized as a series of several distinct acts. The act of possessing such a publication is a single act.

Nonetheless, even if a *Petrich* instruction or the State's election were required to ensure unanimity under

such circumstances, a review of the two publications presently at issue convinces us that a unanimous verdict was rendered in this case. Each depiction in each of the two publications involves one or more minors whose genitals or pubic or rectal areas were exposed. *See* RCW 9.68A-.011(3)(e). None of the depictions is accompanied by any sort of description or explanation that would suggest that the exhibition was for a legal purpose, such as art or the study of anatomy. Viewing each publication as a whole, no rational trier of fact would find that either publication was for any other purpose but the sexual stimulation of the viewer. Hence, under these facts it was unnecessary to provide a unanimity instruction or to require the State to elect which specific depictions contained within the publication upon which it intended to rely to convict.

Thus, we conclude that the trial court did not err by omitting a *Petrich* instruction or by not requiring the State to elect the particular depictions within each magazine upon which it would rely.[5]

The judgment and sentence of the trial court are affirmed.

GROSSE, C.J., and BAKER, J., concur.

Reconsideration denied August 11, 1992.

Review denied at 120 Wn.2d 1020 (1993).

---

[5]In so holding, however, we note that the issue is not before us of whether *Petrich* would apply if someone is charged with possession of two or more depictions *not* contained within a single publication. Such a situation could indeed amount to several distinct acts requiring either a *Petrich* instruction or an election by the State, depending upon the facts then presented.