# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON. | No.  48226-6-II |
| Respondent, | |
| v. | |
| ZACKARY ALLEN BRAME, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Zackary Allen Brame appeals his sentence for making or possessing motor vehicle theft tools.  Brame argues the sentencing court imposed an unauthorized sentence by ordering conditions on his sentence for the maximum term of confinement.  We remand with orders to strike the order imposing sentencing conditions on his gross misdemeanor conviction.

## FACTS

On August 19, 2015, the State charged Zackary Brame with felony theft of a motor vehicle[1] and the gross misdemeanor of making or possessing motor vehicle theft tools.[2] Following trial, the jury returned verdicts finding Brame guilty on both counts.

Brame was sentenced to 50 months' incarceration for theft of a motor vehicle and 364 days, the statutory maximum term, for making or possessing motor vehicle theft tools.[3]  Brame

---

[1] RCW 9A.56.065.  Brame does not appeal his sentence for theft of a motor vehicle.

[2] RCW 9A.56.063.  Brame was also charged with felony harassment.  The jury found Brame not guilty of this charge, and it is not at issue in this appeal.

[3] The statutory maximum term of confinement for a gross misdemeanor is 364 days.  RCW 9A.20.021(2).

was ordered to serve the sentences concurrently. At sentencing, the court noted: "On the conditions on suspended sentence form, I've modified that just to read conditions on sentence since there is no suspended jail time here." 5 Verbatim Report of Proceedings (VRP) at 318-19.

The sentencing court completed separate judgment and sentence forms for Brame's felony and gross misdemeanor convictions. The felony judgment and sentence ordered Brame to pay legal financial obligations and restitution, imposed a no contact order, and suspended his driver's license. The conditions on sentence form for the gross misdemeanor ordered conditions and provisions on the sentence, stating, "[S]ee felony J & S" and "see felony Judgment & Sentence for other conditions." Clerk's Papers (CP) at 83-84. Brame appeals.

## ANALYSIS

Brame argues the sentencing court imposed an unauthorized sentence by ordering conditions on his maximum term sentence. The State argues that the conditions referenced on the conditions on sentence form were imposed only on Brame's felony sentence, and therefore, the court did not impose conditions on his gross misdemeanor sentence. We agree with Brame.

Whether a sentencing court imposed an unauthorized sentence is a question of law we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). We review alleged sentencing errors based on the principles that (1) a sentence in excess of statutory authority is subject to collateral attack and (2) a defendant cannot agree to punishment in excess of statutory authority. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002).

Under RCW 9.95.210(1)(a), a sentencing court may suspend a portion of a defendant's sentence and impose sentencing conditions. However, a court may not impose sentencing

2

conditions when it does "not actually suspend any jail time." *State v. Gailus*, 136 Wn. App. 191, 201, 147 P.3d 1300 (2006), *overruled on other grounds by State v. Sutherby*, 165 Wn.2d 870, 204 P.3d 916 (2009). Accordingly, where the sentencing court imposes the maximum term for an offense, it lacks the authority to impose probation or other sentencing conditions. 136 Wn. App. at 201.

Here, the sentencing court sentenced Brame to the statutory maximum term for a gross misdemeanor, 364 days. This sentence was ordered to run concurrent to Brame's felony sentence for theft of a motor vehicle. In its felony judgment and sentence, the court ordered Brame to pay legal financial obligations and restitution, imposed a no contact order, and suspended his driver's license. The sentencing court completed a conditions on sentence form for the gross misdemeanor offense, but it noted that it modified the form because there was no suspended jail time for that offense. The conditions on sentence form stated, "[S]ee felony J & S" and "see felony Judgment & Sentence for other conditions." CP at 83-84.

The sentencing court sentenced Brame to the maximum term of confinement for his gross misdemeanor conviction, and it did not suspend any of his jail time. In addition, the court imposed conditions on Brame's gross misdemeanor sentence by stating, "[S]ee felony Judgment & Sentence for other conditions." CP at 84. Because Brame was sentenced to the maximum term of confinement and the sentencing court did not suspend any of his sentence, the court lacked the authority to impose sentencing conditions. Therefore, the sentencing court imposed an unauthorized sentence by ordering conditions on Brame's gross misdemeanor sentence.[4]

---

[4] Because Brame was properly sentenced to identical conditions on the felony charge, we recognize that our decision has no practical effect on Brame. Nonetheless, we address this issue, which is Brame's sole argument on appeal.

3

No. 48226-6-II

We remand with orders to strike the order imposing sentencing conditions for the gross misdemeanor.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.

4