# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50422-7-II |
| Respondent, | |
| v. | |
| TONYA RENEE KNOX, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — A jury found Tonya Knox guilty of five counts, four of which were
felonies, and one a misdemeanor.  At sentencing, the trial court imposed nine months of total
confinement on the felonies.  Regarding the misdemeanor, the trial court imposed a 364-day
sentence, consisting of 30 days in confinement and 334 days suspended on the condition that
Knox complete a 24-month period of probation.  On appeal, Knox argues that because she was
sentenced to nine months on the felonies, the court could suspend only 90 days of her
misdemeanor sentence.  She appeals her sentence, arguing that the trial court is required to
amend her sentence.

Knox does not demonstrate that she is entitled to the relief she seeks.  Accordingly, we
affirm.

## FACTS

Knox was convicted of four felonies and one gross misdemeanor, the specific facts of
which are not relevant here.  She was convicted of one count of second degree burglary[1] (count

---

[1] RCW 9A.52.030 (providing that second degree burglary is a felony).

1), two counts of second degree identity theft[2] (counts 2 and 3), one count of forgery[3] (count 4), and one count of third degree theft[4] (count 5). The trial court imposed the following sentence: nine months on count 1; eight months on count 2; eight months on count 3; six months on count 4; and 364 days on count 5, with 334 days of confinement suspended on the condition Knox complete 24 months of probation and comply with probationary terms. Knox appeals her sentence.

## ANALYSIS

Knox's appeal concerns only the suspended sentence on count 5. She argues that because the term of confinement on count 5 runs concurrently with the nine-month term of confinement on counts 1, 2, 3 and 4, the length of her suspended sentence must be reduced from 334 days to 90 days to reflect the total time served. We disagree.

A trial court's authority to suspend a sentence is limited to the manner provided by the legislature. *State v. Rice*, 180 Wn. App. 308, 312-13, 320 P.3d 723 (2014); *see* RCW 9.95.210. "[I]n granting probation, the superior court may suspend the imposition or the execution of the sentence and may direct that the suspension may continue upon such conditions and for such time as it shall designate, not exceeding the maximum term of sentence or two years, whichever is longer." RCW 9.95.210(1)(a). Whether a sentencing court imposed an unauthorized sentence

---

[2] RCW 9.35.020(1), (3) (providing that identity theft is a felony).

[3] RCW 9A.60.020(1)(b) (providing that forgery is a felony).

[4] RCW 9A.56.050 (providing that theft in the third degree is a gross misdemeanor).

is a question of law that we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003).

On count 5, a gross misdemeanor, the trial court imposed a 364-day sentence, the statutory maximum for gross misdemeanor. RCW 9A.20.021(2). Of those 364 days, the trial court ordered 30 days to be served in confinement, and suspended 334 days on the condition that Knox complete a 24-month probation. But, the trial court ordered that the sentence—30 days with 334 days suspended for 24 months—be served concurrently with the nine-month term of confinement for counts 1, 2, 3 and 4. Knox relies on *State v. Gailus*, 136 Wn. App. 191, 147 P.3d 1300 (2006), *overruled on other grounds by State v. Sutherby*, 165 Wn.2d 870, 883 n.5, 204 P.3d 916 (2009). In *Gailus*, the trial court sentenced the defendant to a total of 12 months for his 10 felony convictions, and a maximum one year for each of his two gross misdemeanor convictions. 136 Wn. App. at 200. "The trial court ordered that the gross misdemeanor sentences run consecutively to each other and consecutively to his felony convictions." *Gailus*, 136 Wn. App. at 200. It then suspended the two 12 month gross misdemeanor sentences on the condition *that the defendant serve 24 months in custody* and complete 48 months of probation. *Gailus*, 136 Wn. App. at 201.

Because the trial court's authority to impose probation was conditioned on suspended time and no time had actually been suspended, the *Gailus* court vacated the defendant's probation. *Gailus*, 136 Wn. App. at 201. *Gailus* held that a sentencing court that orders a defendant to serve the maximum sentence for his conviction does not suspend any jail time, and a sentencing court that does not suspend jail time cannot order probation. *Gailus*, 136 Wn. App. at 201.

No. 50422-7-II

*Gailus* is not applicable here. Here, unlike in *Gailus*, the trial court did not suspend time on the condition that Knox serve the maximum sentence. Here, the trial court suspended jail time and imposed the term of confinement and probation period on Count 5 to run concurrently with the term of confinement on counts 1, 2, 3 and 4. Knox has not demonstrated that the sentence is improper. Accordingly, we affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Melnick, J.

_____
Sutton, J.

4