IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77423-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CRAWFORD, CHARLES GENE,<br>DOB: 08/09/1948, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 29, 2019 |

SCHINDLER, J. — Health care provider Charles Gene Crawford appeals the jury conviction of indecent liberties of A.B. in violation of RCW 9A.44.100(1)(d). RCW 9A.44.100(1)(d) states that a health care provider is guilty of indecent liberties when he knowingly causes a client or patient to have sexual contact with him and "the sexual contact occurs during a treatment session, consultation, interview, or examination." The to-convict jury instruction incorporated the language of the statute that describes when sexual contact by a health care provider could occur. Crawford does not contend that sexual contact during a "treatment session, consultation, interview, or examination" are alternative means of committing the crime of indecent liberties by a health care provider or that the evidence supports finding sexual contact occurred during a "treatment session." Crawford asserts that under the law of the case doctrine, the State assumed

the burden of also proving sexual contact also occurred during a "consultation, interview, or examination." In State v. Tyler, 191 Wn.2d 205, 422 P.3d 436 (2018), the Washington Supreme Court recently considered and rejected the same argument. The court held a to-convict jury instruction that sets forth a statutory multifaceted description of the ways to commit a crime does not alter the nature of the crime charged and the State does not have the burden to prove each distinct term. Crawford also contends the judgment for indecent liberties of A.B. and the judgment for gross misdemeanor assault in the fourth degree of T.F. contain several errors. The State concedes error. We affirm the jury conviction of indecent liberties[1] and remand for resentencing.

Indecent Liberties Charges

Charles Gene Crawford worked as a licensed massage practitioner for the Wellbeing Center for Health. During a treatment session on February 15, 2016 with A.B., after massaging one leg, Crawford touched her vagina for 30 to 60 seconds. After massaging the other leg, he again touched her vagina for 30 to 60 seconds.

During a treatment session on September 6, 2016 with T.F., while massaging her leg, Crawford touched her vagina with his fingers two or three times. Later, Crawford also massaged her breasts.

The State charge Crawford with two counts of indecent liberties in violation of RCW 9A.44.100(1)(d). RCW 9A.44.100(1)(d) states:

> A person is guilty of indecent liberties when he or she knowingly causes another person to have sexual contact with him or her or another . . . [w]hen the perpetrator is a health care provider, the victim is a client or patient, and the sexual contact occurs during a treatment session, consultation, interview, or examination. It is an affirmative defense that the defendant must prove by a preponderance of the evidence that the

---

[1] On appeal, Crawford does not challenge the jury conviction for assault in the fourth degree.

client or patient consented to the sexual contact with the knowledge that the sexual contact was not for the purpose of treatment.

## Indecent Liberties and Assault in the Fourth Degree Convictions

Crawford testified at trial. Crawford testified that he has poor vision and often closes his eyes during a massage. During his testimony, Crawford admitted he may have touched A.B.'s vagina but denied the contact was deliberate. Crawford admitted he "accidentally" touched T.F.'s nipple but denied touching her vagina.

The to-convict jury instruction states, in pertinent part:

> To convict the defendant of the crime of indecent liberties as charged in Count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about February 15, 2016 the defendant knowingly caused [A.B.] to have sexual contact with the defendant;
> (2) That this sexual contact occurred when the defendant was a health care provider and [A.B.] was a client or patient, and the sexual contact occurred during a treatment session, consultation, interview, or examination.[2]

The court also instructed the jury on the lesser included crime of assault in the fourth degree:

> To convict the defendant of the lesser crime of assault in the fourth degree for Count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 15th day of February, 2016, the defendant assaulted [A.B.], and
> (2) That this act occurred in Snohomish County.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

---

[2] (Emphasis added.) The to-convict jury instruction for indecent liberties of T.F. as charged in count 2 is identical to the to-convict jury instruction for count 1 except that the date of crime occurred "on or about September 6, 2016."

3

On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.[3]

The jury convicted Crawford of indecent liberties of A.B. and the lesser included offense of assault in the fourth degree of T.F. The court entered a judgment and sentence on the two convictions. The court also entered a sexual assault protection order related to A.B. and a harassment no-contact order related to T.F.

Appeal of Indecent Liberties Conviction

Crawford seeks reversal of the indecent liberties of A.B. conviction. Crawford contends that under the law of the case doctrine, sufficient evidence does not support the jury finding he committed indecent liberties by knowingly having sexual contact with A.B. during a "consultation, interview, or examination." RCW 9A.44.100(1)(d). Crawford does not contend that indecent liberties is an alternative means crime or that insufficient evidence supports the jury finding he knowingly had sexual contact with A.B. during a "treatment session." RCW 9A.44.100(1)(d).

In State v. Tyler, 191 Wn.2d 205, 422 P.3d 436 (2018), the Washington Supreme Court considered and rejected the same argument. Here, as in Tyler, the multifaceted and disjunctive statutory description of when a health care provider is guilty of committing indecent liberties is properly regarded as definitional. Tyler, 191 Wn.2d at 212. Similarly, here, sexual contact "during a treatment session, consultation, interview, or examination" is a description of the ways in which a health care provider can commit the crime of indecent liberties by engaging in sexual activity with a patient or client.

---

[3] The to-convict jury instruction for assault in the fourth degree of T.F. as charged in count 2 is identical to the to-convict jury instruction for count 1 except that the date of crime occurred "on or about the 6th day of September, 2016."

RCW 9A.44.100(1)(d). As in Tyler, this description merely enhances our understanding of RCW 9A.44.100(1)(d) as a single means crime. The inclusion of the statutory definitional language in the to-convict instruction does not change "the nature of the single means crime" of indecent liberties in violation of RCW 9A.44.100(1)(d). Tyler, 191 Wn.2d at 215. Further, a list of disjunctive terms in the to-convict jury instruction that do not constitute alternative means does not " 'transform[ ] those terms into alternative means.' " Tyler, 191 Wn.2d at 214 (quoting State v. Makekau, 194 Wn. App. 407, 420, 378 P.3d 577 (2016)).

We affirm the felony conviction for indecent liberties of A.B. in violation of RCW 9A.44.100(1)(d).

Sentencing Errors

Crawford contends the indecent liberties judgment and the assault in the fourth degree judgment contain numerous sentencing errors.

Crawford argues the court erred by imposing probation for the gross misdemeanor assault in the fourth degree conviction because the court imposed the maximum term of confinement. See RCW 9.95.210(1)(a) ("Conditions of probation."); State v. Gailus, 136 Wn. App. 191, 201, 147 P.3d 1300 (2006) (RCW 9.95.210(1) does not authorize probation when the maximum jail sentence is imposed).

Crawford contends the no-contact order related to T.F. exceeds the length of the sentence. State v. Granath, 190 Wn.2d 548, 555, 415 P.3d 1179 (2018) (no-contact order imposed pursuant to RCW 10.99.050 cannot exceed the length of the sentence actually imposed).

Crawford contends the court erred by imposing a 24-month minimum term of actual confinement in the judgment for indecent liberties in violation of RCW 9A.44.100(1)(d). RCW 9.94A.507 (RCW 9.94A.507 allows indeterminate sentencing of sex offenders for conviction of indecent liberties by forcible compulsion in violation of RCW 9A.44.100(1)(a)).

Crawford challenges a number of community custody conditions imposed in the judgment for the indecent liberties conviction. Crawford asserts the condition that states, "Based on eligibility, enter and successfully complete identified interventions to assist you to improve your skills, relationship, and ability to stay crime free," is unconstitutionally vague. State v. Irwin, 191 Wn. App. 644, 652, 655, 364 P.3d 830 (2015) (condition that prohibits a defendant from frequenting areas " 'where minor children are known to congregate, as defined by the supervising' " community corrections officer, is unconstitutionally vague).

Crawford asserts the condition to "[p]articipate in substance abuse treatment as directed by the supervising Community Corrections Officer" is not "crime-related." RCW 9.94A.703(3)(c) (a court may order an offender to "[p]articipate in crime-related treatment or counseling services").

Crawford contends the September 5, 2027 expiration date in the sexual assault protection order related to A.B. is inconsistent with RCW 7.90.150(6)(c) ("A final sexual assault protection order entered in conjunction with a criminal prosecution shall remain in effect for a period of two years following the expiration of any sentence of imprisonment and subsequent period of community supervision, conditional release, probation, or parole.").

The State concedes each error. We accept each concession as well taken and remand.

Statement of Additional Grounds

Crawford raises a number of issues in his statement of additional grounds. Crawford cannot establish his attorney provided ineffective assistance of counsel by not introducing character evidence, not questioning A.B. about whether she provided a "firm barrier" over her genitals during the massage, and not emphasizing the "firm barrier" defense during closing argument. Counsel's performance is not deficient where it can be " 'characterized as legitimate trial strategy or tactics.' " State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting State v. Kyllo, 166 Wn.2d 856, 863, 215 P.3d 177 (2009)); Strickland v. Washington, 466 U.S. 668, 688-89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The decision whether to pursue a specific defense and whether to introduce character evidence falls squarely within legitimate trial strategy. See In re Pers. Restraint of Stenson, 142 Wn.2d 710, 733-34, 16 P.3d 1 (2001).

We affirm the jury conviction of indecent liberties and remand for resentencing.

WE CONCUR: