177 P.3d 172 (2008)
STATE of Washington, Respondent,
v.
Michael Edward ELMORE, Appellant.
No. 58879-6-I.
Court of Appeals of Washington, Division 1.
February 19, 2008.
David L. Donnan, Gregory Charles Link, Washington Appellate Project, Seattle, WA, for Appellant.
Erik Pedersen, Thomas E. Seguine, Skagit Co. Prose. Atty. Ofc., Mount Vernon, WA, for Respondent.
APPELWICK, C.J.
¶ 1 Appellant Michael Elmore was convicted of three counts of first degree malicious mischief for repeatedly flooding portions of the Skagit County jail and impairing government services. Elmore argues the trial court erred in setting his sentence. He contends RCW 9.94A.589 is ambiguous and under the rule of lenity he was erroneously sentenced. We disagree that RCW 9.94A.589 is ambiguous, but hold the court erred in how it applied the statute to his sentence. We accept the State's concession that count II was not supported by sufficient evidence. We reverse Elmore's conviction on count II. And we vacate the sentence and remand for resentencing consistent with this opinion.

*173 FACTS

¶ 2 In February and March of 2006, Michael Elmore was incarcerated in the Skagit County jail. On the evening of February 22, jail staff discovered water streaming from Elmore's cell, Water had flowed into several cells and to other parts of the jail. As a result, the water was turned off to the section of the jail containing Elmore's cell. All officers working the graveyard shift assisted in the clean-up. The jail was closed to new bookings. The closure lasted at least two hours.
¶ 3 The next day, jail staff discovered that part of the jail, including Elmore's cell, was again flooded. At trial, the State provided no testimony that the jail was closed to bookings or its public services were impaired as a result of this incident.
¶ 4 The following day, February 24, Elmore was sentenced for felony assault and arson. These convictions were unrelated to the flooding.
¶ 5 On March 27 Elmore caused another flood at the jail. Again jail services were impaired. The jail closure lasted for approximately two hours.
¶ 6 The State charged Elmore with three counts of first degree malicious mischief. Count I related to the February 22 incident, count II related to the February 23 incident, and count III related to the March 27 incident. A jury convicted Elmore of all three counts.
¶ 7 The trial court sentenced Elmore to 43 months for each count. The written portion of the judgment and sentence stated, "[a]ll counts shall be served concurrently . . . except for the following counts which shall be served consecutively: Count [III] shall run consecutively to 50 months imposed under XX-X-XXXXX-X." Elmore appeals his conviction for the February 23 incident and his sentence.

DISCUSSION
¶ 8 Elmore argues the State submitted insufficient evidence for a reasonable jury to find him guilty of first degree malicious mischief for count II, relating to the events on February 23, 2006. The State concedes there was insufficient evidence for a reasonable jury to find Elmore guilty of count We accept this concession and vacate Elmore's conviction on this count.
¶ 9 Elmore also challenges RCW 9.94A.589, the consecutive and/or concurrent sentences provision of the Sentencing Reform Act (SRA) of 1981. Ch. 9.94A RCW. He argues subsections (1), (2), and (3) can be applied to his sentence with differing results; thus making it ambiguous. Elmore argues the rule of lenity requires ambiguous statutes be interpreted in favor of the defendant. State v. Jacobs, 154 Wash.2d 596, 600-601, 115 P.3d 281 (2005) (if a statute is ambiguous, the rule of lenity requires that the appellate court interpret the statute in favor of the defendant absent legislative intent to the contrary).
¶ 10 A court's objective in construing a statute is to determine the legislative intent. Christensen v. Ellsworth, 162 Wash.2d 365, 173 P.3d 228 (2007); Dep't of Ecology v. Campbell & Guinn, LLC, 146 Wash.2d 1, 9, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, the court must give effect to that plain meaning as an expression of legislative intent. Dep't of Ecology, 146 Wash.2d at 9-10, 43 P.3d 4. Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. Id. 9-12, 43 P.3d 4. An undefined statutory term should be given its usual and ordinary meaning. Burton v. Lehman, 153 Wash.2d 416, 422-23, 103 P.3d 1230 (2005). Statutory provisions and rules should be harmonized whenever (possible. Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981).
¶ 11 RCW 9.94A.589 requires that the court impose consecutive and/or concurrent sentences as follows:
(1)(a) Except as provided in (b) or (c) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if *174 they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition applies in cases involving vehicular assault or vehicular homicide even if the victims occupied the same vehicle.
(b) [pertaining to scoring and imposition of sentence for serious violent offenses].
(c) [pertaining to scoring and imposition of sentence for crimes committed with a firearm].
(2)(a) Except as provided in (b) of this subsection, whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.
(b) [pertaining to community supervision].
(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.
RCW 9.94A.589. (Emphasis added.)
¶ 12 Here, no scoring error is alleged. We are only concerned with whether the court properly determined if the sentences are consecutive and/or concurrent to one another and to his sentence for felony assault and arson.
¶ 13 The language in both subsections (1)(a) and (2)(a) of RCW 9.94A.589 is clear and mandatory. Subsection (1)(a) states that whenever a person is sentenced for two or more current offenses, "sentences imposed under this subsection shall be served concurrently." RCW 9.94A.589(1)(a) (emphasis added). Likewise, subsection (2)(a) requires, "whenever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms." RCW 9.94A.589(2)(a) (emphasis added). The plain language of subsection (3) clearly declares that its application be subject to subsections (1) and (2). If a conflict results from the application of subsection (3), it yields to the result under subsections (1) and/or (2). By its express terms, the statute is not ambiguous.
¶ 14 When applied to Elmore's sentence, subsection 2(a) requires count III be served consecutive to the arson and assault sentences. Subsection (1)(a) requires that counts I and III be served concurrently. Subsection (3) would only apply to count I, because he committed the crime on February 22, 2006, prior to being sentenced for the felony arson and assault convictions. Because there are two offenses, the application of subsection (3) is subject to subsections 1(a), requiring concurrent sentences for counts I and III, and 2(a), requiring count III be served consecutive to the arson/assault sentence. Harmonizing the statutory provisions, we hold subsection (3), by its own terms, has no application to Elmore's sentence.
¶ 15 The trial court erroneously applied RCW 9.94A.589, subsections (1)(a), (2)(a), and (3), to Elmore's sentence. The trial court sentenced Elmore to 43 months for each count. The written portion of the judgment and sentence stated, "[a]ll counts shall be served concurrently . . . except for the following counts which shall be served consecutively: Count [III] shall run consecutively to 50 months imposed under XX-X-XXXXX-X." In doing so, the trial court properly applied subsection (2)(a), but not subsection (1)(a). *175 The trial court should have sentenced counts I and III concurrent to one another as required by RCW 9.94A.589(1)(a), but consecutive to the arson/assault sentence, as required by RCW 9.94A.589(2)(a). Subsection (3) of RCW 9.94A.589 has no application.
¶ 16 Due to the number of months assessed on each count, the trial court's erroneous application of the statute resulted in the same overall length of sentence as the proper application would have. Nonetheless, to prevent any unforeseen consequence, the sentence should be corrected on remand.
¶ 17 We reverse Elmore's conviction on count. II. And we vacate the sentence and remand for resentencing consistent with this opinion.
WE CONCUR: BAKER and BECKER, JJ.